JOSEPH SHATTUCK *vs.* OLIVER HASTINGS.

A., owning a lot of land, gave a bond to B. to convey it to him whenever he should convey to A. or his assigns a certain other lot; and afterwards gave to C. a deed of it on condition that the grantee should convey it to B. " whenever tendered a like conveyance of the lot to be granted as an equivalent therefor as mentioned in the bond," and took back a mortgage of it, subject to the same condition. C., at the same time that he gave this mortgage to A., gave a deed of warranty of the lot to B., with the clause " for conditions and obligations see said deed from A. to me," and without receiving the other lot in exchange. *Held,* that by the deed from A. to C. the title to the land passed subject only to A.'s right of defeasance upon breach of the condition; and that the deed from C. to B. operated only as a conveyance of it subject to the mortgage from C. to A.

TORT, in the nature of trespass *quare clausum fregit.* The case was submitted in the superior court, and, on appeal, in this court, upon facts agreed, by which it appeared that on March 15, 1851, Patrick Holland, being owner of the *locus in quo,* gave to Horace E. Lindsay a bond to convey it to him or his assigns whenever he or they should convey to the obligor or his assigns, as an equivalent, another lot of land then owned by the obligee; that on June 1, 1853, Holland, being still owner of the *locus* and of other land also, conveyed all of the same to Benjamin F. Lindsay, taking back a mortgage of the whole with power of sale, and on the same day " conveyed the equity of redemption of said mortgage to said Horace E. Lindsay " by a deed set forth in full; and that the land stipulated in the bond between Holland and Horace E. Lindsay to be conveyed as an equivalent for the *locus in quo* had never been so conveyed. The other facts which are material appear in the opinion.

*J. P. Converse,* for the plaintiff.

*L. Marrett,* for the defendant.

WELLS, J. Both parties claim title under B. F. Lindsay. The deed from Holland to Lindsay, of a larger tract including the *locus,* contained a condition that the grantee should convey the parcel now in controversy to Horace E. Lindsay, or his assigns, in fee simple, " whenever tendered a like conveyance of the lot to be granted as an equivalent therefor, as mentioned in

the obligation" between Holland and said H. E. Lindsay. At the same time, B. F. Lindsay gave back to Holland a mortgage of the same premises, subject to the same condition, and with power of sale; and also, on the same day, as the case is stated, " conveyed the equity of redemption of said mortgage to the said Horace E. Lindsay." But the copy annexed is of a deed of warranty, with the clause, " for conditions and obligations see said deed from P. Holland to me." The defendant claims through this deed from B. F. to H. E. Lindsay. The plaintiff claims under the mortgage to Holland. By the agreement of the parties, " if the condition in the deed" from Holland to B. F. Lindsay " rendered it so obligatory on the said B. F. Lindsay to convey the *locus in quo* to the said H. E. Lindsay that no interest in the *locus in quo* passed to said Holland by the said mortgage," judgment is to be rendered for the defendant; otherwise for the plaintiff.

A deed of land upon condition subsequent conveys the fee, with all its qualities of transmission. The condition has no effect to limit the title, until it becomes operative to defeat it. Subject to this contingency, the estate will pass by deed or mortgage in the same manner and to the same extent as if no such incident were attached to it. Regarding the provision in Holland's deed to B. F. Lindsay as a condition merely, the mortgage from B. F. Lindsay would carry the title to the whole estate, subject to the right of defeasance as to the *locus.* That right is in Holland alone, and therefore cannot be set up by others to defeat his title under the mortgage, even if there had been a breach of the condition, which the case does not find.

The argument of the defendant seeks to give to this provision an effect broader than that which belongs to a condition. It is contended that by it B. F. Lindsay was bound to convey to Horace E. Lindsay, and was entitled to do so and to receive the equivalent; that he was not released from this obligation, nor deprived of this right, by his mortgage to Holland, made subject to that provision; that he alone was interested in the equivalent to be received, and therefore might waive it, and convey, as

he did, to H. E. Lindsay, without receiving the other land in exchange.

It is unnecessary to determine whether B. F. Lindsay might have conveyed in accordance with the terms of the condition, and thus defeated his mortgage to Holland, *pro tanto ;* or whether the mortgage deprived him of the right and power so to convey without the concurrence of the mortgagee; because, if he had the right to convey in fee simple, after his mortgage to Holland, it could be exercised only in strict conformity with the terms of the condition relating thereto. H. E. Lindsay acquired no rights by virtue of the condition in Holland's deed to B. F. Lindsay. His rights depended solely upon his personal contract with Holland. The purpose of the condition was to secure the performance of that contract, and protect Holland against his personal liability upon it. For that purpose, and to that extent only, if at all, would the power to convey in fee simple remain in B. F. Lindsay after his mortgage back to Holland. His deed to H. E. Lindsay, whether intended to convey an absolute fee or only the equity, appears to have been made without any reference to the contract for an exchange, and upon other considerations. It does not profess to be given in performance of the condition, nor appear to have been accepted in discharge of the contract between H. E. Lindsay and Holland. It can operate therefore only to convey the equity subject to the mortgage title of Holland which has passed to the plaintiff.

Accordingly the judgment of the superior court in favor of the plaintiff must be affirmed.