[TIOGA SPECIAL TERM, February 15, 1869. *Parker*, Justice.]

———————●●●———————

## CRANSTON *vs.* PLUMB and others.

A husband, on his separation from his wife, created a trust and supplied a fund (of $50,000) to be exclusively reserved for her maintenance. By a deed of separation, executed by the husband and his wife, as well as by the trustees, it was stipulated that the fund should be invested in a certain manner, and the proceeds applied to the maintenance of the wife. A portion thereof ($20,000) was to be kept invested on bond and mortgage during her life. The wife was empowered to dispose, by will, of the whole or any part of the fund which might remain unexpended, at her death. Following a covenant that the husband would permit his wife to live separate and apart from him, and that he would not exercise or claim marital control over her, or interfere with her in any manner, there was a stipulation in the deed that nothing therein contained should preclude the husband from taking all lawful means, should the occasion arise, to compel the performance of the trusts and agreement embraced therein.

*Held* that the husband had a sufficient legal and equitable interest in the trust fund to authorize him to intervene for its protection, by an action against the wife and trustees, if there was reason to fear that the fund would be diverted from the purpose for which it was provided. SUTHERLAND, J. dissented.

*Held, also,* that if the trust was faithfully executed, the $20,000 required to be kept invested on bond and mortgage during the life of the wife, would be unexpended at the time of her decease; and as it was possible that the wife might make no disposition of the trust fund, or any portion of it, by will, and the estate of the trustees would, in that event, cease, and whatever should remain unexpended would revert to the husband, as the donor; these circumstances gave him a pecuniary interest in the fund, which justified him in applying to the court for the protection and preservation of the fund, during the life of the wife.

Cranston *v.* Plumb.

APPEAL by the defendants from an order made at a special term, directing the appointment of a receiver of trust property; for an injunction to restrain the trustees from making any use or disposition of any part of the trust estate in their hands; and for the appointment of a referee to examine the accounts of the trustees, and inspect and examine the securities in which the trust fund is invested, &c.

The plaintiff alleged, in his complaint, that he and the defendant Augusta Y. Cranston were married at Boston, in the State of Massachusetts, on the 11th day of December, 1838, and ever since have been and now are husband and wife. That differences having arisen between the plaintiff and his said wife, they agreed to live separate and apart from each other, and on or about the 28th day of May, 1863, the plaintiff, in consideration of certain covenants entered into with him by the defendants Plumb and Yale, made provision for the separate maintenance of his wife, the said Augusta Y., in the manner hereinafter stated. That by deed, bearing date the day and year last mentioned, between the said plaintiff, Hiram Cranston, party of the first part, and the defendants, James M. Plumb and Henry C. Yale, parties of the second part, and the defendant, Augusta Y. Cranston, party of the third part, after reciting the existence of differences between the said plaintiff and his wife, the said Augusta, in consequence of which they were living separate and apart from each other; and further reciting that the said Hiram Cranston had agreed with the said parties of the second part to the said deed, in consideration of the covenants on their part in the said indenture contained, to make provision for the separate maintenance of the said Augusta Y., the said plaintiff, in consideration of the covenants on the part of the said parties of the second part, in the said deed contained, did, at the time of the execution thereof, pay to the said Plumb and Yale, parties of the second

part, the sum of $50,000 to be held by them during the natural life of the said Augusta Y., upon the trusts and with the powers in the said deed contained, viz : In trust to keep the same invested in the joint names of the said Plumb and Yale, as trustees for the said Augusta Y., in such manner as she should, by writing under her hand, direct or approve; providing that at least $20,000 thereof shall, at all times during the life of the said Augusta Y., be kept invested on bond and mortgage, on unincumbered real estate in the State of New York, worth at least fifty per cent more than the sum loaned, or in good New York State railroad bonds, and in no other species of securities whatever. The residue of the said sum of $50,000 to be invested in such securities as the said Augusta Y. should approve in the manner aforesaid. And upon the further trust, to collect the income arising from such investments, and to pay over the same to the said Augusta Y. upon her separate receipt, for her separate use, during her natural life. The said Plumb and Yale, parties of the second part, were by the said deed authorized, upon the written request of the said Augusta Y., to invest not exceeding $10,000 of said trust fund (other than the $20,000 for the investment of which the said specific directions were given) in the purchase of a dwelling-house for the said Augusta Y., to be selected by her, and in case of such purchase, the said parties of the second part were directed to take and hold the title thereto, in their joint names as trustees for the said Augusta Y., during her natural life, and permit her to occupy or let the same; and to sell and convey the same, on her written request; and, in case of a sale, to restore the proceeds to the trust fund. The said trustees were further authorized, in their discretion, at any time during the life of the said Augusta Y., to pay over to her, for her separate use, any part of the said principal sum, $50,000, except the said sum of $20,000, for the investment of which particular provision was made as

aforesaid, for which her receipt was to be the sufficient discharge of the said trustees for all sums so paid to her, and as to all such sums so paid over to her, the trusts by the said deed created were to cease. That the said Augusta Y. was authorized to appoint or dispose of, by her last will and testament, the whole or any part of the said trust fund remaining unexpended at the time of her decease, and any real estate or other property into which the said fund, or any part thereof, might have been converted in such manner as she should see fit, not in contravention of any statutes of the State of New York; and the said trustees were directed, on the decease of the said Augusta Y., to pay any part of the trust fund remaining unexpended, and deliver over and convey any property, real or personal, belonging to the said trust, to such person or persons as the said Augusta Y. should, by her last will and testament, have directed and appointed. And the plaintiff, in and by the said deed, covenanted with the parties of the second part, the said Plumb and Yale, that he would at all times thereafter permit the said Augusta Y. to live separate and apart from him; and that he would not exercise or claim marital control over her, or interfere with her in any manner whatever; but it was expressly stipulated that nothing therein contained should preclude the said Hiram Cranston from taking all lawful means, should the occasion arise, to compel the performance of the trusts and agreements in the said deed contained. The said Plumb and Yale, in and by the said deed, in consideration of the payment to them, by the said Hiram Cranston, of the said sum of $50,000, upon the trusts and with the powers above mentioned, accepted the said trusts, and covenanted faithfully to perform the same. And for the same consideration, the said Plumb and Yale, by the said deed, further covenanted, for themselves, their heirs, executors and administrators, with the said Hiram Cranston, that they, the said Plumb and Yale, would, at all

times thereafter, save and keep the said Hiram Cranston, his heirs, executors and administrators, harmless and indemnified from and against all debts and liabilities contracted, or which might thereafter be contracted, by the said Augusta Y. Cranston, either in her own name or in the name of the said Hiram Cranston, for necessaries or for any cause or thing whatsoever, and from and against all claims and proceedings, by or on behalf of the said Augusta Y., for her maintenance or support, or for alimony, dower, or thirds, and from and against any and all claims and proceedings of every description, by, or on behalf of the said Augusta Yale, against the said Hiram Cranston, or his legal representatives, and from and against all loss, costs, charges and expenses to which the said Hiram Cranston, or his legal representatives, might be put by reason of any such debt or debts, liabilities, claims or proceedings. And the said Plumb and Yale, by the said deed, further covenanted with the said Hiram Cranston for the same consideration, that the said Augusta Y. would, whenever requested by the said Hiram Cranston, his agent or attorney, and without any further compensation, release, under her hand and seal, to any person or persons, to whom the said Hiram Cranston might convey any real estate then owned, or which might thereafter be acquired by him, the inchoate right of dower of the said Augusta Y. in such real estate, and upon the like request would join in and execute any and every conveyance of real estate which should be thereafter made by the said Hiram Cranston; and that upon the decease of the said Hiram Cranston the said Augusta Yale would, if she survived him, release unto his heirs at law, or devisee or devisees, all her right of dower in any real estate of the said Hiram Cranston which might descend or be devised to such heirs at law, devisee or devisees respectively.

That the said Augusta Y., in and by the said deed, and in consideration of the provisions therein made for her

benefit, covenanted, promised and agreed to, and with the said parties of the second part named in the said deed, the said Plumb and Yale, that she would execute all such releases of dower as the said Hiram Cranston, his assigns, heirs or devisees might require, and would join in and execute any and every conveyance of his real estate which the said Hiram Cranston might make and desire her to join in; and she thereby empowered the said parties of the second part in the said deed named, or the survivor of them, as her attorneys, to execute all such releases of her dower; and she thereby released, assigned and conveyed all her said right of dower in the real estate of the said Hiram Cranston, then owned or thereafter to be acquired by him, unto the said parties of the second part in the said deed named, or the survivor of them, to have and to hold to the use of any purchaser from, or heir, or devisee of the said Hiram Cranston, to whom such real estate might be conveyed or devised by him, or to whom it might descend from him; and that she would not, at any time thereafter, make any claim against the said Hiram Cranston or his legal representatives, for maintenance, support or alimony, or any claim of any description whatever, or incur any debt for which the said Hiram Cranston might become liable, or in any manner subject him to any responsibility, liability or expense on her account.

That the said deed was duly executed by all of the said parties thereto, interchangeably, under their respective hands and seals, and was by each of them duly acknowledged before a notary public in and for the city and county of New York, at the said city, on the 28th day of May, 1863. The complaint further showed, that the plaintiff paid the said sum of $50,000 to the said trustees, who received the same under and pursuant to the provisions of the said trust deed, and took upon themselves the execution of the said trust. That the said defendants Plumb and Yale have invested the sum of $20,000 in and

by the said trust deed directed to be invested on bond and mortgage, secured upon unincumbered real estate in the State of New York, worth fifty per cent above the sum loaned, or in first class bonds of railroads in the State of New York, as the said plaintiff was informed and believed, in an illegal and improper manner, and, to a large extent, on mortgage security of insufficient value. That, as the plaintiff was informed and believed, the sum of about $10,000, part of the said sum of $20,000, had been loaned by the said trustees to Mrs. Plumb, the wife of the defendant James M. Plumb, secured by her mortgage upon a dwelling-house and small tract of land situate at Rockaway, in the county of Queens and State of New York. That the premises upon which the said loan to Mrs. Plumb is secured was an insufficient security for the said sum, and upon a forced sale under foreclosure it was doubtful whether it would produce the amount so loaned, as the plaintiff was informed and believed. The complaint further showed, on information and belief, that the sum of $10,000, also a part of the sum of $20,000, had been loaned to the defendant Henry C. Yale, secured by his mortgage to the said trustees, upon a house and lot of land situate in 39th street, in the city of New York. That the said loans were made in violation of the duty of said trustees, and were illegal and insufficient securities. That a sum exceeding $5000 had been drawn from the said trust, and was wholly lost thereto. That the plaintiff was not informed, and could not state in what manner, or upon what security, the remaining portion of the said trust fund had been or is now invested. That the said James M. Plumb was insolvent, and the plaintiff was informed and believed that the defendant Henry C. Yale had sustained heavy losses since the creation of the said trust. That the said trustees are not now good and sufficient in pecuniary ability, for the performance of their covenant with the plaintiff contained in the said trust deed.

That the said plaintiff had, by his agent, called upon the said trustees for an account, in writing, of the said trust fund, and of the income thereof, and how the same had been applied and invested, but the said trustees had neglected to furnish any such statement or account, and had denied the right of the plaintiff to demand such statement and account.

The plaintiff demanded judgment that the said trustees be adjudged to account as to the manner of the investment of the said trust fund, and the payment of the income thereof, and how and when, and under what circumstance any portion of the principal of the said trust fund had been withdrawn, lost or used, and to what purpose applied. That the trustees might be removed from their said trust, and that a successor, or successors, might be decreed or appointed by the court, and that a receiver might be appointed in the mean time for the purpose of securing the said fund and its proper administration, during the pendency of this action; and for general relief.

The defendants answered separately. The defendant Augusta Y. Cranston alleged in her answer that she and the plaintiff were married on the tenth day of December, A. D. 1838, and ever since have been and are now husband and wife. That she has always been a faithful wife, &c.; that the differences referred to in the complaint were not of her creating; nor has she contributed to their existence; she has never failed to try and remove them; the arrangement expressed in the deed of 28th May, 1863, was acquiesced in and assented to by her in deference to the wishes of her husband, and with implicit confidence in the fulfillment of the agreement on his part therein contained, that he will not interfere with her in any manner whatever, and therefore she says that he ought not to have or maintain this action against her, and also because the trusts, breaches of which are alleged, are trusts for her, in the execution of which he has no interest, and that *all* said

trusts have been faithfully performed, and the investments referred to in the complaint made with her approval. And because having no child now living, and no counsel from her husband, it is a source of comfort and satisfaction to her that her trustees should be of her family, as they are, and of her choice. The defendant denied that the investment of $20,000, referred to in the complaint, had been made in an illegal or improper manner, or to any extent on mortgage security of insufficient value. She denied that the premises mortgaged by Mrs. Plumb were an insufficient security for the loan to her; but that she was informed and believed they were worth more than double the amount of the loan, but she had no knowledge or information sufficient to form a belief what amount they would produce upon a forced sale under foreclosure. She avers on information and belief, that the house and lot on 39th street are worth more than double the amount of the loan thereon. That she is advised by her counsel and believes that neither of said loans are illegal, or made in violation of the duty of the trustees, under the circumstances. Upon information and belief, she denies that any thing has been lost to the fund, and avers that all of the principal which has been drawn and all of the income has been faithfully applied to her use. She is informed and believes that said Henry C. Yale is worth more than $50,000, over and above all his debts and liabilities; that she has no knowledge or information sufficient to form a belief what losses he has incurred, if any, or to what extent, or what pecuniary ability is requisite for the performance of the covenants on the part of her trustees in her behalf with her husband, except in this, that if for them to be liable to him in any sum on account thereof, she must fail in any of her promises or agreements in said deed contained, she says she has kept them all and will ever do so. That she has no knowledge or information sufficient to form a belief as to any other matter in the

complaint contained.   She also insists that the plaintiff cannot have a suit against her depending on the said agreement, and prays to be hence dismissed.

The defendant Yale, by his answer, denied that the sum of $20,000, specified in the complaint, or any part of the trust fund, has been invested in an illegal or improper manner, or to any extent on mortgage or other security of insufficient value.   He denies that the premises on which the loan to Mrs. Plumb is secured are an insufficient security therefor.   He avers that they are worth double the amount of the loan, and he is informed and believes they would bring more than the amount of the loan upon a forced sale under foreclosure.   And he says that particular investment was made by his co-trustee, James M. Plumb, whom the defendant had suffered to manage that portion of the fund, under the belief which he entertained, and had every reason to entertain, that said Plumb was a freeholder in the State and worth more than $200,000, over and above all his debts and liabilities; and the defendant alleges that the said investment is perfectly safe and good. And that the house and lot on 39th street, referred to in the complaint, are worth more than $30,000, and that the amount secured thereon does not exceed $9000, and the investment was made by the direction and with the approval of the said Augusta Y. Cranston, who lived on the said premises.   The defendant denies that $5000, or any other sum, has been lost to the fund.   In addition to the above securities, the defendant held, at the commencement of this action, and now holds, United States bonds of the par value of twenty-three thousand five hundred dollars, ($23,500,) and of the market value of $24,685, and cash, one thousand and ninety-six dollars and seventy-four cents, (1096.74,) uninvested, and that the *residue* of the principal has been paid over to her, to her separate use, and all the income has been so paid to her. The defendant alleges that he is a freeholder in this State,

Cranston *v.* Plumb.

·and worth more than $50,000, over and above all his debts and liabilities, and is sufficient in pecuniary ability to answer for the trust fund and the performance of the covenants contained in said deed. ·He denies that the trustees were ever called upon for an account in writing, as alleged, or that they ever neglected to furnish a statement, as alleged; that on the contrary, although they do not admit the right of the plaintiff to demand such a statement or account, they have always been willing, and before the commencement of this action signified to the plaintiff their willingness, to furnish to him sufficient information as to the investment of the principal, also as to the application of the income, and they have ever since been willing to furnish such information. The defendant denies all the other matters in the complaint contained.

Upon the pleadings and affidavits annexed, an order was made at special term, on the 22d of May, 1868, for the defendants to show cause, at special term, on the 27th day of May, 1868, why a receiver of the trust fund mentioned in the complaint should not be appointed, and also why a referee should not be appointed to examine the accounts of the trustees under the trust deed mentioned in the complaint, and to inspect and examine the securities in which the trust fund, or any part thereof, had been invested, and to examine the said trustees, on oath, touching the investment and income of the said trust fund, and the application of the trust fund, and the income thereof, so far as it had been drawn from their hands, and the use and disposition thereof, and how and in what manner the income, or any part of the principal of said fund, had been drawn from the possession of the said trustees; and why such further or other order or relief should not be granted, as to the said court might seem proper.

On the 17th day of July, 1868, an order was made by Justice Ingraham, at special term, directing that the defendants James M. Plumb and Henry C. Yale, trustees,

&c., deposit all the money, government stocks, bonds and mortgages, and all securities and property in their hands belonging to the trust fund mentioned in the complaint, with the Union Trust Company of the city of New York, after taking off the coupons on the United States bonds due 1st October, 1868, and that the income of the said trust fund should be paid by the said company to the said trustees, Plumb and Yale, as the same should be received, to be by the said trustees paid over to the said Augusta Y. Cranston, according to the terms and provisions of the said trust deed. It was further ordered that Nathaniel Jarvis Jr., Esq., of the city of New York, be and he thereby was appointed a referee, with authority to examine the accounts of the said trustees under the trust deed mentioned in the complaint, and to inspect and examine the securities in which the trust fund, or any part thereof, had been invested, and to examine the said trustees, the defendants Plumb and Yale, on oath, touching the investment and income of the said trust fund, and the application of the trust fund, so far as it had been drawn from their hands, and the use and disposition thereof, and how and in what manner the income, or any part of the principal of said fund, had been drawn from the possession of the said trustees. And it was further ordered, that the said defendants Plumb and Yale do attend before the said referee and submit to the examination, under oath, thereinbefore directed, and that the said referee take the evidence of such witnesses as might be produced before him by the said parties, respecting the said accounts, the investment of the principal, and application of the principal and income of the said trust fund which had been drawn from their hands, and how, and in what manner, and on what authority, the said trustees had used or disposed of the money which had been drawn from the principal of the said trust fund, by the said Augusta Y. Cranston, and that the said referee report the evidence

and the accounts of the said defendants Plumb and Yale, as trustees, to be taken and stated before him under this order, with his opinion as to the application, use and disposition of the trust fund, or any part thereof, and the uses and purposes for which the principal or any part thereof, as well as the income, had been drawn from or paid out by the said trustees and defendants Plumb and Yale. And it was further ordered that a previous order enjoining and restraining the defendants Plumb and Yale from making any use or disposition of any part of the trust estate in their hands, bearing date on the 27th day of May, 1868; (except that the said order was thereby modified so as to permit the said trustees to pay over the income of the trust fund in their hands to the defendant Mrs. Augusta Y. Cranston,) be, and the same thereby was continued in full force, without prejudice to the delivery of the said fund, or the securities in the hands of the said trustees to the Union Trust Company, as thereinbefore directed. And it was further ordered that the plaintiff's costs of the said motion, fixed at $10, abide the event of the suit. And it was further ordered that any further provision as to the funds and securities to be deposited in the Trust Company, be reserved until the next special term, on the submission of the referee's report on the account of the trustees.

From this order the defendants appealed.

*John J. Townsend,* for the appellants. The marriage relation began 10th December, 1838. It still subsists. On 28th May, 1863, it was modified by the separation deed, which operates simply by virtue of the personal covenants of Messrs. Plumb and Yale, trustees for Mrs. Cranston.

I. The plaintiff failed to make out a case for the interference of the court. 1. The letters demanded a change of the trustees; also an account under oath. The reply

of the trustees was respectful and proper. 2. The trustees violate no duty. Their duty is specific to invest as Mrs. Cranston shall approve. All the investments are safe, and are approved by her. The plaintiff is not a *cestui que trust.* · 3. Messrs. Yale and Plumb are specifically authorized to pay over to Mrs. Cranston $30,000 of the principal. 4. Although Mr. Plumb is insolvent, Mr. Yale is worth more than $150,000.

II. Some regard should be had to the wishes and the feelings of Mrs. Cranston.

III. The peculiar nature of a separation deed deserves consideration. It does not relieve the wife from any of the ordinary disabilities of coverture. If entered into by husband and wife alone, it is utterly void. It will be enforced only so far as maintenance is covenanted for by the husband, and the trustees covenant to exonerate him from any debt contracted by her. (*Story's Eq.* § 1428.) Says Lord Brougham in *Warrender* v. *Warrender*, (2 *Clark & Fin.* 527 :) " Then what is the legal value or force of this kind of agreement in our law—absolutely none whatever—in any court whatever, for any purpose whatever, save and except one only—the obligation contracted by the husband with trustees to pay certain sums to the wife, the *cestui que trust.* In no other point of view is any effect given by our jurisprudence, either at law or in equity, to such a contract; no damages for its breach; no specific performance; no court, civil or consistorial, can take notice of its existence." (*See also Legard* v. *Johnson*, 3 *Vesey, jun.*, 352, 359, 361; *Beach* v. *Beach*, 2 *Hill*, 264; *Mercein* v. *The People*, 25 *Wend.* 77.) The consequences are: 1. As the lady is incapable of making a contract with her husband, he has no cause of action against her founded on it. But she is an indispensable party to this action, because directly interested. 2. If the agreement is void as to her, and void but for the intervention of her trustees and their covenants, to remove them would sweep away the struc-

ture. In *Walrond* v. *Walrond* (1 *John.* [*Eng.*] 23) it was said: "I cannot appoint a new trustee in the only mode in which a trustee could be effectually appointed, viz., by ordering the husband to enter into new covenants with a new trustee." Nor could a new trustee be found. 3. Such deeds must stand as contrived, until put an end to by reconciliation. 4. As the lady cannot contract, and the deed is void but for the covenants of the trustees, it follows that the plaintiff has no interest in the fund as security for the fulfillment of the covenants. Whether the fund be spent or not, if she violate her covenants with her trustees, the plaintiff's sole remedy is a personal action against them. Her trustees alone have a right to regard the fund as a security for her performance of her covenants. The plaintiff cannot be even subrogated to the rights of the trustees, for she has performed her covenants, and will continue to perform them.

IV. There is no case of danger to the plaintiff, for the wife has performed her covenants.

V. The plaintiff, having no pecuniary interest, cannot institute any suit. That he is not prompted by solicitude for her welfare, the strange proceedings in Indiana clearly show.

VI. The order is injurious to Mrs. Cranston, because the fund is taken from the possession of her trustees, who act gratuitously, and her right to control the investment and use the fund is interfered with.

*Wm. H. Leonard*, for the respondent. I. The plaintiff is entitled to intervene for the protection of the fund, and for an accounting. 1. The right is reserved by the terms of the trust deed, when an occasion arises. 2. The covenants of the defendants Plumb and Yale confer upon the plaintiff the right to be deemed a *cestui que trust*, although he is without any right to receive any principal or income

from the fund, and has no reversionary interest. 3. His interest arises from the liability still resting upon him to provide for the support of his wife. The creation of the trust has not released the plaintiff from his liability. (2 *Bright's Husband and Wife, p.* 19, §§ 26, 30. *Nurse* v. *Craig,* 2 *New Rep. C. P.* 148, 153. *Hindley* v. *Westmeath,* 6 *Barn. & Cress.* 200. *Same case,* 13 *Eng. Com. Law,* 141. 9 *Dowl. & Ry.* 351.) 4. The dower right of Mrs. Cranston also continues. It is not extinguished by the ample provision in her favor under the trust deed, and the plaintiff has only to look for indemnity against claims for dower, alimony and support, to the personal responsibility of the trustees, who have covenanted to indemnify him, and to the equitable powers of this court for the preservation of the trust funds. 5. The court would interpose to protect the plaintiff from liability for dower, alimony or the support of the wife out of the trust fund, in case the husband should be subjected to loss in either of these respects. For these reasons the plaintiff has a direct interest in the preservation of the fund during the life of Mrs. Cranston, which entitles him to demand the interposition of the court for that purpose; and to that end the plaintiff can demand an accounting.

II. The defendants Plumb and Yale have been guilty of misconduct in their character of trustees, and should be removed. 1. The mortgage of Mrs. Plumb is an insufficient security. 2. The trustees have suffered $5000 to be lost to the fund. 3. Yale, one of the trustees, has become a borrower from the trust funds. This he cannot lawfully do. Neither an agent nor trustee can contract or deal with himself, in respect to the subject of his agency or his trust. 4. Both trustees have put their hands into the fund, one in favor of his wife, the other for himself. Plumb cannot sue his wife, so the power of enforcing that security must devolve on Yale alone, and Yale cannot sue himself, and the trust must depend on Plumb for collect-

ing that money.   Thus the fund is deprived of the protection of *both* trustees in respect to these loans.   Each trustee might neglect to act against the other when his duty required, in the apprehension that his co-trustee might retaliate.   5. They have refused to account.

III. The order appealed from should be affirmed, with costs.

CLERKE, P. J.   I am of opinion that the plaintiff has a sufficient legal and equitable interest in the trust fund to authorize him to intervene for its protection.   He created the trust, and supplied the fund, on his separation from his wife, which he intended should be exclusively reserved for her maintenance.   If the trustees are in such circumstances, or are acting in such a way, that there is reason to fear that it will be diverted from this purpose, it would be strange if he has not the right to interpose, in order that his intention in creating the trust should not be utterly defeated.   In the deed of separation, executed alike by the plaintiff, Mrs. Cranston, and the trustees, it is stipulated that the fund shall be invested in a certain manner, and the proceeds applied to the maintenance of Mrs. Cranston. Are the trustees not responsible to the plaintiff, under this stipulation, and has he not a right to compel them to perform it by resorting, in his own name, to this court for its aid and protection ?

Besides, the plaintiff has a pecuniary interest in the preservation of this fund, and in the faithful performance of this trust.   To be sure, according to a provision of the deed of separation, Mrs. Cranston is empowered to dispose, by her last will and testament, of the whole or any part of the fund which may remain unexpended at the time of her decease.   The whole, or some of it, might be unexpended at the time of her decease.   Certainly, if the trust be faithfully executed, twenty thousand dollars, the amount which the trustees stipulate shall be kept invested on bond

and mortgage on real estate, during her lifetime, will be unexpended on that event. It is possible that she may make no disposition of the trust fund, or any portion of it, by her last will and testament. In that case, whatever may remain unexpended would, undoubtedly, revert to the donor. This is even provided for by statute. "When the purpose for which an express trust shall have been created shall have ceased, the estate of the trustees shall also cease," (1 *R. S.* 730, § 86, *marginal*,) and of course shall revert to the donor.

If it is necessary to add any thing to these considerations, I remark that the deed of separation contains a provision which is quite conclusive. After the covenant that Hiram Cranston (the plaintiff) shall at all times thereafter permit his wife to live separate and apart from him, and that he will not exercise or claim marital control over her, or interfere with her in any manner whatever, it is added that nothing therein contained shall preclude him from taking all lawful means, should the occasion arise, to compel the performance of the trusts and agreement in that instrument contained.

The order should be affirmed, with costs.

GEO. G. BARNARD, J., concurred.

SUTHERLAND, J., (dissenting.) I shall concede, for the purpose of this decision, the right of the plaintiff, by action, to compel the trustees to keep their covenants with him, in the deed of separation, containing the terms upon which he purchased his freedom from his wife, and the *status* or condition of *quasi* bachelorship.

The trustees covenant with the plaintiff to perform all the trusts in the instrument of separation. As to $20,000 of the trust fund, the instrument specifies the manner in which it is to be invested, and kept invested; and the court can, at the instance of the plaintiff, compel the trus-

Cranston *v.* Plumb.

tees to keep it invested as specified in the instrument; and if the mortgages in which the defendants claim the $20,000 are invested are not such securities as the terms of the trust as to the $20,000 call for, the court can repudiate them, and compel the trustees to invest $20,000 as required by the terms of the trust.   But as to $30,000, the residue of the trust fund, the instrument specifies that·it shall be invested in the joint names of the trustees, in such manner *as Mrs. Cranston shall, from time to time, by writing under her hand, direct or approve;* and the trustees are expressly authorized and empowered, *in their discretion, at any time,* and from time to time, to pay over to Mrs. Cranston any part of the $50,000 (the trust fund) except the $20,000, for the investment of which particular directions had been given.

Now I cannot see how the order appealed from could be made, or how we can affirm the order, without unjustifiably interfering with, or taking away, this discretionary power of the trustees, given to them for the benefit of Mrs. Cranston, to pay her *any part* of the $30,000 *at any time.*

Even a court of equity cannot make a contract for parties, and certainly a court of equity·will not undertake to alter or modify a deed of separation between husband and wife.   I do not say that the court could properly have so far controlled the discretion of the trustees as to have ordered them, if the fund was in danger, to pay the $30,000, or to transfer the securities in which it was invested to *Mrs. Cranston;* but certainly such an order would have been more consistent with the terms of the trust as to the $30,000, and with the rights of Mrs. Cranston under the deed of separation, than the order which was made.

Moreover, I am not able to discover, from the papers, on what ground, or evidence, the court below determined that the $30,000, or so much thereof as had not been paid to Mrs. Cranston, was not invested according to the terms of the trust as to it, and *as she had directed and approved;*

and if it was, I cannot see what right the plaintiff had to call upon the court to make any order or take any action as to the $30,000.

I will add, that the order not only in effect, but in words, restrains the trustees from making any disposition of the trust fund, (except income,) though the plaintiff, by the trust instrument, expressly authorized them in their discretion to pay to Mrs. Cranston, *at any time*, any part of it, except $20,000 thereof. I do not see how the court could take away this discretionary power for the benefit of Mrs. Cranston, resting on the contract of the parties, which is assumed to be valid.

I think the order appealed from should be reversed, with costs.

Order affirmed.

[NEW YORK GENERAL TERM, January 4, 1869. *Clerke, Sutherland* and *Geo. G. Barnard,* Justices.]