Rumsey, J.
I do not think that the deed from plaintiff to the trustees of the church created any trust. The purposes specified in the deed were those for which the society was authorized to take title to lands, and the grant was directly to the corporation to hold for those purposes, which were largely for its own benefit. Hence it was at the same time trusteee and eestui que trust, if the deed created a trust.
*95 If the trusts expressed in the deed were legal, they designated only the object for which the statute says that the corporation may take the legal title, and therefore no trust would be created (Voorhees v. Presbyterian Church, 17 Barb. 103, 106, 107; Wetmore v. Parker, 52 N. Y. 450, 459). But no trust can be declared in real estate for any purpose not expressed in section fifty-five of the statute of uses and trusts (1 R. S. 727; Holmes v. Mead, 52 N. Y. 332, 338 ; Follett v. Badeau, 26 Hun, 253, 256). The purposes, for which religious societies may take the title to lands are specified in the statute. For those purposes and to the extent therein permitted, they may take property ; and as to such property they have the legal title. But these purposes are not trusts. They are the beneficial interest which the grantee itself has in its own property. The true construction of the deed Is, I think, that the grantee took title to the conveyed lands upon a condition subsequent. Such a condition has no, effect to limit the title until it becomes operative to defeat it (Shattuck v. Hastings, 99 Mass. 23). The grantor having chosen to protect himself by a condition, he must look to the remedy given by it alone ; for a court of equity will not compel the fulfillment of that in a deed the non-performance of which works a forfeiture (1 Lead. Cas. on R. P. 148). The plaintiff therefore has no standing in court, as the grantor of this property, to restrain the alienation of it by the grantee, for the deed only gives him the right of re-entry for breach of the condition (Nicoll v. New York & E. R. R. Co., 12 N. Y. 121).
But the plaintiff insists that he is a pew-holder in that church, and as such has such an interest in the building as authorizes him to intervene to prevent its use for purposes other than those for which it was erected. Upon the papers, I have no doub t that General Erwin is a pew-holder in this church.
*96 As such, his rights, as between himself and the owners of the church building, are well settled in this country. He has only the right to occupy it during divine service, and for no other purpose. This right is subordinate to the power of the corporation to remodel the 'briilding or to sell it, on deciding to remove (Boone on Corp. 279 ; Heeny v. St. Peter’s Church, 2 Edw. Ch. 608; Sopier v. Trinity Church,* 109 Mass. 1, 21; Kincaid’s Appeal, 5 Am. R. 377, 381; Abernethy v. Society of Church of the Puritans, 3 Daly, 1, 7). It appears in this case that the corporation has erected a church building in another part of the village, and that new the sale of the old edifice was made so that the proceeds might be applied upon the new church. I must assume that this was proper for them to do, as there is nothing to show the contrary. Theyhad the complete title to the property, subject only to the liability to forfeiture for condition broken. That condition had no effect upon the right of the pew-holder. It might decrease the price of the property, but it could not enlarge the right of those whose only right was subject to the power of sale. The case of Miller v. Gable, 2 Denio, 492, is not, I think, in point. In that case there was an attempt to divert the funds of the church to the use of another faith and doctrine than that to which it had been dedicated. This, it was held, could not be done, and the court refused to interfere to do it, although a large majority of the congregation desired it. But in that case the effort was to divert the property of the society to the use of another faith. Here it is not so. The society is a Presbyterian society. The building was deeded to that society for their use. The proceeds of its sale are to be devoted to the same use by the same society. I think this was clearly within the *97 power of the trustees to do (Heeny v. St. Peter’s Church, 2 Edw. Ch. 608). Upon the whole case, I think, this injunction should be vacated.
The plaintiff appealed from the order vacating the injunction to the general term of the supreme court.
George T. Spencer, lor appellant.—I. The plaintiff, as grantor of the church lot for certain specific, defined and declared uses and purposes, has an interest in the preservation and continuation of such uses and purposes which entitles him to invoke the interposition of the court for their proirecfitin. They are to be deemed, declared and reserved as well for his benefit, as for those who were to enjoy the fruits of his bounty. Therefore, it is held that the creator of a trust, as such, has sufficient interest in the trust fund to authorize him to intervene to prevent its being diverted from its purpose (Cranston v. Plumb, 54 Barb. 59, 75). And it is well settled that when a grant is made or a trust created for a specific and defined purpose, the subject of the grant or trust cannot be used for another and foreign purpose without the consent of the party from whom it was derived or for whose benefit it was created (Story v. N. Y. Elevated R. R. Co., 90 N. Y. 122,157). The grantors in the conveyance of plaintiff, by their acceptance of the same, with the specifications of the uses and purposes for and upon which the property conveyed was to be held, assumed and undertook for themselves and their successors to maintain and preserve such uses and purposes. The provision in the deed “that the parties of the second part shall keep erected on the above mentioned lot ... a good, sufficient and convenient church, etc.,” is an agreement so to do (Trotter v. Hughes, 12 N. Y. 74, 78); and this though *98 not executed by grantees (Atlantic Dock Co. v. Leavitt, 54 N. Y. 35).
II. The plaintiff, as pew-holder has an interest, entitled to protection. It is only from necessity, and not caprice, that the pew-holder’s rights may be invaded (Voorhes v. Presbyterian Church, 17 Barb. 103 ; Gorton v. Hadsell, 9 Cush. 508).
III. When property, real or personal, is given to a religious society for well-defined and specific purposes, not illegal or contrary to public policy, such property is regarded as held in trust for the specified purposes, and any diversion is to be prevented by á court of equity (Reformed Church v. Schoolcraft, 65 N. Y. 134; Miller v. Gable, 2 Denio, 592; 10 Page, 627; Watson v. Jones, 13 Wait, 679, 728).
IY. The conveyance of pi an tiff, though to the trustees by name, vested the estate in the corporation (3 R. S. 208, § 4), and did not contravene the statute of trusts and against perpetuities (Holmes v. Mead, 52 N. Y. 322, 440). The order of the court to sell is no justification (Wheaton v. Gates, 18 N. Y. 395 ; Madison Ave. Bap. Church v. Oliver St. Church, 46 N. Y. 131; 73 N. Y. 83). The court below overlooks the provision in the deed that when not in use by a Presbyterian preacher the edifice may be used by other Christians, &c. (Woodworth v. Payne, 5 Hun, 551; 74 N. Y. 196).
Y. The decision of the court below that the true construction of the deed is that the grantee took title to the land conveyed upon a condition subsequent, is true only of that condition forfeiting the land in case it remains vacant for two years. It is not true of those provisions declaring the uses and purposes upon which the land is to be held. On the contrary, it is held in Pennsylvania, that the grantor of real estate in trust for a charitable use, cannot ■ enter and repossess ■ the same as for breach of condition, nor maintain *99 ejectment against those claiming under the trustees. And in Connecticut, that the claim of a defendant, in case of a conveyance to permit ministers of the M. E. Chnroh to preach, etc., was only a trust created for the purpose specified, to be enforced, if not complied with, by a court of equity, but not followed, in case of a violation of such trust, by a forfeiture of the estate granted, is well founded (Baldwin v. Atwood, 23 Conn. 367, 371). To this may be added, that conditions are not favored by the law, and hence they must be clearly expressed. There must be some words, which ex m termini import that the vesting or the continuance of the estate is to depend on the supposed condition (Craig v. Wells, 11 N. Y. 315, 320; Aiken v. A. V. & C. R. R. Co., 26 Barb. 289, 298). The defendant, Andrew H. Smith, does not deny knowledge of the uses and purposes upon which the building he has contracted to purchase is held, and is entitled to no protection as an innocent purchaser or otherwise. By statute, when a trust is expressed in the instrument creating the estate, every sale, conveyance, or other act of the trustees in controversion of the trust is void (1 R. S. 730, § 65). Though the present case may not be within the statute, the rule is one applicable, on principles of equity, to statutory trustees of corporations, and is the appropriate exercise of equity jurisdiction to restrain trustees of religious as well as other corporations from threatened or apprehended violation of their trusts, and to prevent, by injunction, any diversion of the corporate property to other uses or purposes than those for which they hold the same (Tiffany & Bullard on Trusts, 250, 251; 2 Story Eq. § 1191 ; Auburn Academy v. Strong, Hopk. 278, 282 ; Brinkerhoff v. Bostwick, 88 N. Y. 52, 58, 59; Baptist v. Witherel, 3 Paige, 296, 303 ; Kinskun v. Lutheran Churches, 1 Sandf. Ch. 439 ; People v. Steele, 2 Barb. 397, 414, 415; Robertson v. Bullions, 9 Barb. 64; *100 Robertson v. Bullions, 11 N. Y. 243). The order of special term should be reversed with costs.
George B. Bradley, for defendants, respondents.— I. Title passed to the corporation by the deed in question. It contains all the requisites of a conveyance. And the corporation had the title to the lot as well as the building. The statute provides that every grant of real estate “ shall pass all the estate of the grantor, unless the intent to pass a less estate, or interest, shall appear by express terms, or be necessarily implied in the terms of such grant ” (1 R. S. 748, § 1; Sheehan v. Hamilton, 2 Keyes, 309; S. C., 4 Abb. Ct. App. Dec. 216). 2. The deed created no trust. And the grantee assumed none, except for its own purposes and benefit as a religious corporation—those for which the statute provides that religious corporations may take title (44 Barb. 282; 36 N. Y. 161). And so far as those expressed in the deed came within such purposes, they do not qualify the title taken, or limit the use to any extent (Bascom v. Albertson, 34 N. Y. 584). And so far as the deed expresses any direction advisory, or otherwise, in respect to the uses of the property beyond the legitimate purposes of the grantee as a religious corporation, it is ineffectual (Follett v. Badeau, 26 Hun, 253, 256, 257). No trusts for charitable uses or pious uses not within the provisions of the Revised Statutes can be created. That class of trusts, as well as other express common law trusts, not within those provisions, were abolished by 1 R S. 727, § 45. The trust, if any, sought to be expressed in the deed, is not within 1 R. S. 728, § 55. And therefore not effectual as a trust (Holmes v. Mead, 52 N. Y. 332, 338 ; Follett v. Badeau, 26 Hun, 253, 257). 3. There is no question about the right and power of the corporation to take title, and (he terms of the deed clearly express a grant to it. The corporation could not take, as trustee, for itself ; *101 it took the title. And the advisory expression by the grantor in the deed in respect to permission in certain events to occupation and use by others than the corporation itself, was not effectual for any purpose (Follett v. Badeau, 26 Hun, 253, 256). The title passed by the deed (Wetmore v. Parker, 52 N. Y. 450, 459 ; Voorhees v. Presbyterian Church, 17 Barb. 106, 107 ; 4 Kent Comm. 131,133). And necessarily so, as the corporation was entitled to the actual possession (1 R. S. 727, § 47 ; Rawson v. Lampman, 5 N. Y. 456, 460).
II. The conveyance vested title in the grantee eo instante, and the right of the grantor—the plaintiff— was that afforded him by the condition subsequent inserted in it. And that right was one of re-entry, dependent upon failure for two successive years. And until such re-entry is justified and actually made, the title of the corporation con tinues for all purposes, and cannot be challenged by the plaintiff (Nicoll v. N. Y. & E. R. R. Co., 12 N. Y. 121; Toole v. Remsen, 70 Id. 312). The condition' subsequent is reserved for the benefit of the grantor merely. And breach does not operate to divest the title of the grantee, nor is the title of the latter impaired until a justified re-entry is actually made in consequence of the breach (see cases above cited; McMahon v. Allen, 35 N. Y. 409; 4 Kent Comm. 12 ed. 127). And 6 ‘ so long as these estates upon subsequent condition continue unbroken, they remain in the same situation as if no such qualification had been annexed ” (4 Kent Comm. 127). At the time this action was commenced the plaintiff had not, nor has he now, any right of re-entry, nor has he attempted to re-enter. The only interest that the plaintiff has, is in the protection of a right of re-entry, by breach of the condition. That right has not arisen, and may never accrue to him. There may never be a breach of that condition. Two years cessation of use of the land for the purposes of a church cannot be anticipated. Nor is anybody justified *102 in saying that the removal of the old church building will not be followed by the erection of a new one on the same lot within two years. Present purposes, whatever they may be, may not control action for that period of time. Nor may the views of those having charge of the temporalities of the church to-day . control or guide those who may succed them this year or next. These, however, are unimportant considerations for the purposes of this case. The plaintiff now has no interest in the property.
III. Although the allegation that the plaintiff is a pew-holder is questioned by the affidavits, it is not important whether he is or not for the purposes of this case. The temporalities of the church are in the corporation, rvhich acts through its trustees, and its action is in accordance with the wish of the majority of the society, and is presumed to be so when within its legitimate' powers. The pew-holder’s rights are subordinate to such action. They have no title to property (Henry v. St. Peter’s Church, 2 Edw. 608; In re Presbyterian Church, etc., 3 Edw. 155 ; Voorhees v. Presbyterian Church, etc., 8 Barb. 137, 152; S. C., 17 Barb. 109; Abernethy v. Church of Puritians, 3 Daly, 1, 7 ; Cooper v. Presbyterian Church, 32 Barb. 222, 226; Kincaid’s Appeal, 66 Penn. St. 411; 5 Am. R. 337).
IV. The County Judge having power to do so (Code Civ. Pro. § 340, subd. 4), granted leave to sell the building for the purposes expressed in the petition and order. The question of expediency cannot be raised by the plaintiff, and will not be considered. The court, on this motion, will only see that the application-directed, of the proceeds, is within the legitimate purposes of the corporation (Wheaton v. Gates, 18 N. Y. 395, 402, 404). And that will not be questioned. The proceeds, pursuant to the direction, go in aid of the construction of a new church edifice, which the cor *103 poration concluded to erect, and have been constructing, and now have completed, in the same village of Painted Post, for the purposes of the same religious society, to be devoted to divine service and worship. And while it was unnecessary to have any action other than that of the trustees to justify applications and order for the sale (Baptist v. Baptist Church, 46 N. Y. 131), yet in this instance action was taken by the congregation assembled as well as by the trustees. It is simply an appropriation of the old church building towards the erection of a new one. And the result is the same whether use be made of the materials or of proceeds of them for that purpose.
V. A temporary injunction will be permitted only for the protection of rights which are clear, or at least free from reasonable doubt, and when it may clearly be seen that it is needed to prevent irreparable injury to the plaintiff (Snowden v. Noah, Hopk. 347; Power v. Village of Athens, 19 Hun, 165, 167 ; New York v. Mapes, 6 Johns. Ch. 46; Deklyn v. Davis, Hopk. 135, 142; Brown v. Newall, 2 Myl. & C. 558, 570; Mennig’s Appeal, 82 Penn. St. 373; Agate v. Lowenbein, 4 Daly, 62; Story Eq. Jur. % 959, 5/ and see peculiarly Van Horn v. Talmage, 4 Halst. Ch. [N. J.] 108, where just such an injunction was dissolved).
Smith, P. J.
The action is brought to restrain the threatened sale and removal of a church building situated on a lot conveyed by the plaintiff to the trustees of the First Presbyterian Society of the village of Painted Post. The ground on which the relief is sought is that the threatened acts will defeat the uses for which said conveyance was made, as expressed therein, and will annul the right of the plaintiff as the grantor, and as a pew-holder in said church, to have said uses preserved. The trustees of said society, and *104 the proposed purchaser of the building, are the defendants.
The deed from the plaintiff to the trustees was dated January 6, 1840, and it provided that the grantees “shall keep erected” on the lot so conveyed, “a good, sufficient and convenient church, or house, dedicated to the worship of Almighty God,” to be used and occupied in the manner therein specified. It also contained a condition, that if at any time the said lot should be left vacant for two successive years, without any good and sufficient house as aforesaid thereon, the title should revert to the grantor.
About the time of the execution of the deed, a good and sufficient church building was erected on the lot, and the grantees and their successors kept the same so erected to the time of the commencement of the action.
Prior to the commencement of the suit, tlie trustees, under an order of the Steuben county'court, contracted to sell the building to the defendant, Andrew H. Smith, to be removed from the lot, for the sum of §400 which they proposed to apply towards the cost of a new church building which they have recently erected on another lot in the same village.
The grounds upon which the special term vacated the injunction order were, that the title to the lot conveyed by the plaintiff to the society, was held upon a condition subsequent only, for breach of which the remedy is re-entry or ejectment, and that the plaintiff’s interest as a pew-holder does not entitle him to maintain the action.
In those views we concur ; and we would be content to rest our conclusion upon the opinion delivered by the learned judge at special term, but for one suggestion (not adverted to in the opinion), now made by the counsel for the appellant. That suggestion is, that the grantees, by accepting the deed, covenanted to keep the *105 building erected on the lot conveyed. Doubtless a grantee, by accepting a deed, although he does not sign it, may become bound to perform the covenants, on his part therein expressed. But we do not think the language in the deed, respecting the keeping of a building erected on the lot, was intended as a covenant on the-part of the grantees. Looking at the circumstances attending the transaction, the obvious purposes of the grant, the condition subsequent expressed, and the right of re-entry reserved, we think the language referred to was intended merely as a designation of the uses to which the property was to be appropriated by the grantees. In other words, the keeping of a building erected was made a condition upon which the title of the society depended, but there was no covenant on its part to perform such condition. Otherwise, the society would be bound to rebuild as often as the building should be destroyed by fire, or other means, and such obligation might be enforced by the grantor; a consequence which cannot reasonably be supposed to have been intended by the parties. Doubtless the society might rebuild in such case ; and if they did so within two years, their title would remain good ; but it would be optional with them to rebuild or to forfeit the estate (Jackson v. Florence, 16 Johns. 47 ; Palmer v. Fort Plain & Cooperstown Plank Road Co., 11 N. Y. 376, 387).
The order should be affirmed, with ten dollars costs and disbursements.
Hardin, J., and Barker, J., concurred.
Note on Stipulations fob bestbaint in the use of gbanted pbemises.
There are several distinct classes of provisions in deeds, inserted with intent to restrain the use of the premises conveyed, which the draftsman does well to discriminate; and all the more is such discrimination useful because of the fact that in practice these distinctions are often so ignored that it becomes difficult to determine within *106 which class an ill-drawn provision falls, and consequently what are the legal rights resulting. ,
In considering such questions it is always to be observed that the policy of the law leans strongly, in case of doubt, to the sidemf freedom from restraint. The interest of the community in the free use of property, and the frequency with which the changes affected by the lapse of time supersede the original motive of the restriction, make the courts reluctant to find an absolute condition, or a covenant encumbering the title, in doubtful language that the grantor’s attorney may have intended to have that effect, and have sometimes led the courts to lay hold of any reasons which seemed to justify holding even what was expressly stated as a condition to be only a personal restriction, and equivalent only to a covenant by the grantee for himself, but not binding his grantees unless indeed expressly assumed by them in turn. Upon the same principle, they will not enforce by injunction a mere condition, as if it were a covenant; nor, in a doubtful case, enforce by injunction a covenant on which the remedy by damages should be enough.
Mere designation of use.] A clause in the deed declaring that the premises are conveyed for a specified use, without words of covenant or condition against other use, is ineffectual to restrict the use.
Thus, it was held in Ward v. The New England Screw Co., 1 Cliff. 565, that where the habendum was “to have and to hold the said bargained and granted premises, with all the privileges and appurtenances thereto belonging or in anywise pertaining, for the use aforesaid, for ever, ” the words “for the use aforesaid ” cannot be construed as a condition in the grant, nor as a limitation of the estate.
In Warren County v. Patterson, 56 Ill. 111, it appeared that plaintiffs, the grantors, contributed, with others, to make up the purchase-money they received for the sale of the land in question, on the understanding that it was to be used for the erection of county buildings. The material words in the executory contract of sale were “ agree to sell to the said party of the second part Block No. , &c., &c., with appurtenances thereunto belonging, for court-house, and other county buildings.” The deed contained the same designation of use. The plaintiff sued to enjoin the county from selling the land; and the trial court granted the injunction unless and until plaintiffs were repaid what they had contributed. Held, that this was error. The clause created no condition nor covenant, and plaintiffs’ remedy, if any, to recover back what they subscribed, was by an action for the purpose.
Personal covenant.] The form of provision next most favorable to the grantee is that which may properly be regarded as a mere *107 personal covenant, on his part, to use the premises for specified purposes, or to refrain from using them for specified purposes. If it may be understood, from the form and the substance of the stipulation, considered in relation to the subject-matter, that the parties intended only to bind the grantee in respect to the use, as distinguished from binding the land itself and qualifying the title, the proper form for this is a covenant on the part of the grantee, for himself and his executors and administrators, that Tie will use it for a specified purpose, orwillnot. This will bold them liable in damages for his breach, and will, in a proper case, sustain an injunction against a breach by him; but the omission of the words “ heirs and assigns,” and all words of condition and forfeiture, show that there was no agreement binding the land, and the grantee’s assigns will not bo bound, unless perhaps where they expressly take subject to the covenant, and assume to perform it.
The case in which perhaps the courts have gone farthest in construing an apparent condition down to a mere personal covenant is the recent one of Skinner v. Shepard, 130 Mass. 180.
In this case, it appeared that one Bucknam (since deceased) had conveyed the land by deed containing, after the description of the premises, and before the habendum, the following clause:
“ Said premises are hereby conveyed subject to the condition that no building shall ever be placed on that part of the same lying within twenty-five (25) feet of said--Street, and also that the present occupant of a part of the premises near said railroad, fora lumber-yard, shall be allowed the time until the- day of--next after the date hereof, to remove his lumber, and evacuate the premises.”
Bucknam’s grantee conveyed to others, and the land subsequently Recame defendant’s and he conveyed it to the present plaintiff, with covenant of warranty that the land was free from incumbrance. He was proceeding to build, when he received notice to desist from the heirs of Bucknam, the deed by whom contained the above words of condition. He thereupon sued his immediate grantor on the latter’s covenant for title.
Held, that the clause was not a condition but only a personal covenant, and therefore no breach of defendant’s covenant for title.
Mobton, J., in delivering the opinion of the court, said: “ We think that the last clause of the conditional paragraph could not have been intended as a technical condition. It relates merely to an occupation of a part of the premises ior a short time, and is in its nature a personal stipulation of the grantees to permit such occupation, rather than a condition by a breach of which the estate should be wholly *108 forfeited. The words “subject to the condition” apply equaljy to both clauses of the paragraph, and there is no reason for giving them a more technical or a more difficult meaning when applied to the first clause than that which they have as applied to the second. We are of opinion that both clauses can have effect only as restrictions. * * *
“We are therefore of opinion that the restriction as to building must be construed, not as a condition which the heirs of the grantor can enforce, but as a personal covenant merely with the grantor; and that, after his death, it created no incumbrance or servitude upon the estate for which the plaintiffs can maintain this action. ”
Covenant binding theland.] A mere covenant, though binding the land and incumbering the title, is usually more favorable to the grantee than a condition such as will sustain a forfeiture for breach; for it could rarely be the case that damages for a breach of covenant would equal the value of the premises. In some cases, however, the power to enforce specific performance of a covenant by an injunction may better subserve the grantor’s purpose than the right to forfeit the land under a condition. This is especially the case where the restriction is imposed for the benefit of other grantees or anticipated, purchasers of adjoining premises similarly situated. A condition can generally be enforced only by the grantor and his heirs. A covenant may be such as to be enforceable by the adjoining owners; and the right to enforce it may be an important inducement to buy, and therefore of more value to the grantor than any right of forfeiture.
The following cases illustrate well the diverse methods of drawing such covenants, and also the uncertainty attending the enforcement of those which are not expressed with precision. Tobey v. Moore, 130 Mass. 448, 1 ; Hubbell v. Warren, 8 Allen, 174; Jeffries v. Jeffries, 117 Mass. 184. See also note on p. 114 of this vol.
Condition with,forfeiture for breach. ] The form of restriction which is the most serious incumbrance on the title is a condition which entitles the grantor to re-enter the granted premises as his own, or, of course, to bring ejectment in case of a breach. The validity of , a well-drawn clause like this, such, for instance, as that in Plumb v. Tubbs, 41 N. Y. 442, and Allen v. Howe, 105 Mass. 241, is well established.
It is no objection to such a condition that the benefit intended to be secured was for a stranger to the deed, and that the enforcement of the condition is for his benefit. Gilbert v. Peteler, 38 N. Y. 135.
In further illustration of the case in the text, see Peck v. Claflin, 105 Mass. 430, where it appeared that several persons had associated themselves as proprietors of a building to be erected and “ used *109 exclusively for an academy and similar purposes," and appointed trustees, with power to lease the building. The building was erected on land conveyed to the trustees, to hold in trust for the proprietors “while they maintain a building thereon for the purposes of education;” and it was first used as an academy, but afterwards leased by the trustees to a district school, under an oral lease, and subsequently under a written lease, for ninety-nine years. Held, that the grantees’ estate was not terminated by the leasing of the building to the district school.
The articles of association and the deed were both informally drawn. The articles of association provided for the appointment of a board of trustees, and that the building should be used exclusively for an academy or similar purposes, subject to the control of the proprietors, who might rent, lease, sell, or use it as might best promote those objects. The deed, after naming the grantees, and calling them Trustees of Attleborough High School, granted the land “unto the said trustees of the Attleborough High School, or their successors in said office, to hold in trust for the proprietors of said High School while they maintain a building thereon for the purposes of education, to have, and to hold the afore-granted premises, to the said trustees or their successors in said office, to their use and behoof forever, ” and covenanted that the premises were free from incumbrances, and that he conveyed the same to Crane and the eight others, “or their successors in office, to hold in trust for the benefit of the proprietors of said High School, while they occupy the same for the purpose of education and no longer.”
Chapmah, Ch. J., said: “The evident intention of the proprietors, at the time, was, that the building should be occupied for such a school as is usually called an academy.” Yet they did not restrict themselves to the maintenance of such a school in these grticles of agreement cited above. And when Sanford [the grantor] came to make his deed, he restricted them only to the maintenance of the building for the purposes of education. This would embrace such a school as is called a district school. And it did not require the trustees to retain the control or superintendence1 of the school, or restrict them from renting it to others who should maintain a school as lessees.
Compare, also, Le Conteulx v. City of Buffalo, 33 N. Y. 333; Mason v. Hickman (Ky., Oct. 1882), 4 Ky. Law Rep. 313 ; Lewis v. Watson, 4 Bush, 229, 234; Watson v. Jones, 13 Wall. 679; O’Neil v. Holbrook, 121 Mass. 102.

 See, also, French v. Old South Ch., 106 Mass. 479, where a condition was upheld which secured a right of pre-emption.