## OVINGTON BROS. CO. v. HENSHAW.

(Supreme Court, Special Term, Kings County. May, 1905.)

COVENANTS—THINGS NOT IN ESSE—OBLIGATION OF HEIRS AND ASSIGNS—FAILURE TO NAME.

    A covenant that the lessor shall pay at the end of the term for buildings to be erected by the lessees during the term, as it relates to a thing not in esse, does not run with the land, nor bind the heirs, assigns, or devisees of the lessor, where the heirs and assigns are not named therein.

    [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 110, 586.]

Action by Ovington Bros. Company against Cornelia M. Henshaw individually and as executrix of Sara Gracie, deceased. On demurrer to the complaint. Sustained.

See 75 N. Y. Supp. 1047.

Action by tenant against landlord to recover the value of buildings erected on the demised premises by the tenant during the lease. Trial of an issue of law raised by a demurrer to the complaint by the defendant in her individual capacity that it does not state facts sufficient to constitute a cause of action against her individually.

The lease contained a provision that if the lessees should rebuild the buildings, which had been destroyed by fire, "the party of the first part (landlord) hereby agrees to pay for the buildings remaining on the premises at the ex-

piration of the term hereby created"; the amount to be fixed by arbitration, each side appointing an arbitrator and they two a third.

The plaintiff is assignee of the lease and the defendant is devisee and executor of the lessor.

George S. Ingraham, for plaintiff.

Henry C. M. Ingraham, for defendant.

GAYNOR, J.   The lease was assigned to the plaintiff during the term, and the defendant became the owner of the demised premises during the term as devisee under the will of the lessor, and collected the rent.   As the words of the agreement that the lessor shall pay at the end of the term for the buildings to be erected by the lessees during the term do not name the heirs and assigns of the covenantor, it is not a covenant running with the land, and therefore binding on the defendant as devisee.   When the covenant is of a thing not in esse, as is the case here, i. e., to erect buildings on the demised premises, there is nothing for it to become appurtenant to, and heirs or assigns are not bound unless by express words. The covenant here was only the personal covenant of the lessor, and binds her executor only.   Thompson v. Rose, 8 Cow. 266; Tallman v. Coffin, 4 N. Y. 134; Coffin v. Talman, 8 N. Y. 465; Countrymen v. Dick, 13 Abb. N. C. 110, note; Dyeing Co. v. De Westenberg, 46 Hun, 281.   The case of Schoellkopf v. Coatsworth, 166 N. Y. 77, 59 N. E. 710, is not in point.   There the agreement was such that the tenancy could only be terminated by the lessors giving a notice of six months to the tenant and becoming thereby bound to pay for the buildings, and their heirs or grantees were of course in the same position.   The giving of the notice made them liable for the buildings, for that was the alternative of the contract.

The demurrer is sustained.