Eben P. G. Marsh vs. Alvah Austin & another.

The delivery of a deed to a third person for the benefit of the grantee is valid, if afterwards assented to by the grantee; and, after the grantee's death, evidence of parol declarations made by him in his lifetime is competent to show such assent.

If a deed duly executed, acknowledged and delivered, but not recorded, has been destroyed, and another deed is afterwards executed to replace it, and the execution and acknowledgment of the second deed are antedated to conform to the original deed, without the knowledge of the grantee, for the mere purpose of putting the title as it was before, and without any unjust or collusive purpose, these irregularities will not invalidate the second deed.

The administrator of the grantee of a mortgage given to secure an agreement for the support of the grantee and his wife during their lives, is entitled to foreclose the mortgage for breach of condition occurring both before and since the grantee's death, although the grantee's widow is living and does not appear in the suit.

A mortgagee's interest in land is not subject to attachment.

Writ of entry. The tenant Alvah Austin was the administrator of Henry Austin, through whom both parties claimed title. At the trial in the superior court there was evidence tending to prove the following facts.

Henry Austin executed a deed of the premises to Abijah Austin, dated April 19 1854; recorded September 23 1854. Abijah Austin executed a bond and mortgage back the same day. This mortgage having been burnt, a new mortgage was executed on the 1st of October 1854, to replace it; the date of the execution and acknowledgment of the new mortgage being antedated to correspond with that of the former mortgage. The condition of the second mortgage was as follows:

"Provided, nevertheless, that if the said Abijah Austin, his heirs, executors and administrators shall from time to time, and at all times hereafter, during the natural life of the said Henry Austin, well and sufficiently maintain and keep, or cause to be well and sufficiently maintained and kept, the said Henry Austin and Betsey his wife, with meat, drink, clothes and all other things necessary and convenient for them, or either of them, in sickness and in health, then this deed, and also a bond or obligation of the same date with these presents, given by the said

Abijah to the said Henry, in the penal sum of one thousand dollars, conditioned to maintain the said Henry and Betsey, as above mentioned, shall both be void, otherwise remain in full force and virtue."

In October 1854 Abijah Austin ceased to furnish any support to Henry Austin or his wife, and left the premises in possession of Henry Austin, who continued to occupy them until his death in March 1857; and some time thereafter the administrator took possession, claiming to hold under the bond and mortgage. Abijah Austin executed a quitclaim deed to the plaintiff, dated May 18 1857. Stephen Huse commenced a suit against Henry Austin, October 23 1855, and attached his real estate, and afterwards obtained judgment and levied his execution on a part of the premises, and subsequently executed a deed thereof to the demandant. The demandant objected that the defence could not be maintained, because the condition of the mortgage was personal to Henry Austin and his wife, and she, although alive, made no claim to the land; and because the mortgage was not executed till long after its apparent date; and because it was never delivered. The tenants introduced evidence tending to prove that the new mortgage was executed for the express purpose of replacing that which had been burnt, and was left with Ira Hall for Henry Austin; and that afterwards Henry Austin, on being informed that a new mortgage had been so made out and deposited, gave his assent. But it was proved that he did not, in his lifetime, ever see the new mortgage; and there was no evidence to show that he knew that it was antedated. It was not claimed that there was any fraudulent design in the antedating of the mortgage on the part of any of the persons concerned.

A question also arose at the trial whether the bond which the mortgage was given to secure could be waived or discharged by parol; but, upon the facts in evidence, this question became immaterial.

*Rockwell,* J., instructed the jury, that, if " Abijah Austin left the premises in 1854, without, after that, doing anything for the support of his father and mother, leaving his father Henry Aus-

tin in possession, and if Henry continued in possession until his death, and if Abijah never again entered into possession, and if Alvah, the tenant, after his appointment as administrator, went into open and peaceable possession under the bond and mortgage, and continued in possession until the present action was commenced, having taken possession for the purpose of foreclosure, though not having complied with the statute requirements for that purpose, he can now set up this defence; that if on April 19 1854, Henry conveyed the premises by deed to Abijah, and at the same time Abijah made and delivered to Henry the bond and mortgage, and between April 19 1854, and October 1 1854, Henry had burnt the mortgage, and on said October 1 1854, Abijah had, in good faith, on the part of said Henry and himself, executed and acknowledged a duplicate, substantially, of the original mortgage, for the sole purpose of replacing the original, and to put the title as it was before the original was burnt, although such duplicate was dated April 19 1854, and the acknowledgment was also dated the same day, the transaction might be explained by parol testimony; and if the testimony introduced should satisfy them that Henry, knowing that it was executed and left for him at Ira Hall's, with the bond, consented to receive it there, and had assented to its delivery there in good faith, the jury were authorized to find a valid delivery to him, although he suffered it to remain there, with the bond, till his death, and the bond and mortgage could not afterwards be waived or released by parol; that, as to the title claimed to be acquired by the demandant through Stephen Huse, the demandant cannot hold the land under that title, as against the deed from Henry Austin to Abijah of April 19 1854, the same having been recorded prior to Huse's attachment, unless the demandant goes farther and proves that the deed of April 19 1854, from Henry to Abijah, was fraudulent and void as against the creditors of Henry."

The jury returned a verdict for the tenants, and the demandant alleged exceptions.

*A. R. Brown,* for the demandant.

*D. S. & G. F. Richardson,* for the tenants.

MERRICK, J.   The demandant claims to be entitled to posses·
sion of the demanded premises under deeds to himself from
Abijah Austin and Stephen Huse.   The estate formerly be-
longed to Henry Austin.   He conveyed it by deed dated April
19 1854, to his son Abijah Austin, who at the same time gave
him a bond for the support of himself and wife for their respec-
tive lives, and also a mortgage of the same property to secure
the faithful performance of the conditions of the bond.   In the
course of the ensuing summer, this mortgage deed was burnt
by the mortgagee; but under what circumstances is not stated
in the report.   It was said by the counsel for the demandant at
the argument to have been by an accident; but the manner of
the loss does not appear to have any bearing upon the ques-
tions of law arising upon the bill of exceptions.   In the month
of October next afterwards, Abijah made a new mortgage of
the same estate to Henry, which was intended to represent the
first one, and to be as near like it as the scrivener could make
it.   After it was duly executed in all other respects, it was left
with Ira Hall for the mortgagee.   The demandant contends that
it was never in fact delivered to the mortgagee, and therefore
that no title passed by it to him.   But this question was sub-
mitted to the jury under proper instructions, and their verdict
has established the fact that it was delivered.   A deed may be
delivered to an agent, and thereby the estate will be as effect-
ually transferred as if it had been placed directly in the hands
of the grantee.   *Hedge* v. *Drew*, 12 Pick. 141.   *Foster* v. *Mans-
field*, 3 Met. 412.   Hall held the deed from Abijah to Henry
during the lifetime of the latter, who upon different occasions
made use of expressions from which it was competent for the
jury to infer that he accepted the deed which had been made,
and ratified the delivery to Hall as a delivery to himself.   The
testimony of Alvah Austin as to what his father told him a
short time previous to his decease, and which was objected to
by the plaintiff, was admissible for this same purpose, because it
tended to show his acceptance of the deed, and his ratification
of the delivery of it to Hall as his agent.

The antedating of the deed, and of the certificate of the ac·

knowledgment of it, by the magistrate by whom it was taken, was improper and objectionable. But it is conceded that this was not procured to be done by the mortgagee, or for any unjust or collusive purpose; but occurred in consequence of the desire of the mortgagor that the new mortgage should correspond in all respects, as far as possible, with the old one which had been burnt. And it was found by the jury that it was made, executed, acknowledged and delivered in good faith on the part of both parties, for the purpose of replacing the original, and to put the title as it was before that was destroyed. Under such circumstances, the error in the date of the deed and of the certificate of the acknowledgment cannot, in a case where there was no intervening conveyance, lien or attachment, be regarded as fraudulent or treated as inoperative.

It is further objected by the plaintiff that the court erred in ruling that the bond given by Abijah to Henry could not be discharged, waived or released by parol, but only by writing or by delivery to the obligor. It is quite unnecessary to express any opinion upon this proposition, since it is apparent upon the facts stated that there was no evidence in the case which called for such ruling, or to which it could be applicable as a practical question. The bond was never given up or surrendered, nor is there any proof that Henry at any time intimated an intention or willingness to give it up, or to release or discharge the obligor from the performance of its condition, or from any of the stipulations contained in it. He was, for some reason, discontented with the conduct and management of Abijah, and was obviously desirous of having him leave the land. The fact that he obtained and held exclusive possession of the mortgaged estate had a decided tendency to show that he insisted upon an exact compliance with the condition, rather than a purpose to allow the bond to be cancelled or extinguished.

The mortgage to Henry Austin remaining in force after his death, his administrator, upon breach of the condition and for the purpose of foreclosing the right of redemption, was entitled, under the provisions of the statute, to enter upon the mortgaged estate and retain possession of it. Gen. Sts. *c.* 96, § 9. Rev

Sts. *c.* 65, § 11. He therefore is entitled to defend this suit, and his right will equally protect his tenant, the other defendant, who holds under him.

The part of the premises which the plaintiff claims to hold under the deed from Stephen Huse is that portion of the land upon which he caused to be levied an execution which issued upon a judgment in his favor against Henry Austin. The attachment upon the writ of Huse against him was made on the 23d of October 1855. At that time, as well also as at the time of the levy of the execution, Henry Austin held no right, title or interest in the estate except as mortgagee. This was not a right subject to be taken upon mesne process or execution, and therefore Huse derived no title by the levy of his execution. *Eaton* v. *Whiting*, 3 Pick. 484. As he took nothing himself thereby, he had no title which he could convey to the plaintiff, who therefore derived no benefit from the deed made to him by Huse.

The several rulings and instructions of the presiding judge at the trial appearing to have been correct, the exceptions of the plaintiff must be overruled, and judgment entered on the verdict for the defendants.