### ELIZABETH E. DANA *vs.* THOMAS B. WENTWORTH.

The owner of a parcel of land bounding on a street conveyed it by a deed containing a condition that the grantee, or his heirs or assigns, should not build on the land within eight feet of the street. The grantee conveyed the land in several lots. *Held*, that the grantor could not maintain a bill in equity, for the benefit of the owners of some of these lots to restrain the owner of another from violating the condition, in the absence of evidence that the condition was imposed as part of a general plan for the benefit of the land granted and of other land on the street.

BILL IN EQUITY to restrain the defendant from building a house upon his land on Auburn Street in Cambridge, within eight feet of the street. The case, as it appeared from the pleadings and agreed facts, upon which it was reserved by *Morton*, J., for the consideration of the full court, was as follows:

The plaintiff, in 1834, conveyed to John Nudd a parcel of land in Cambridge, bounded north on Magazine Street, east on land of John McDuffie, south on other land of the plaintiff, and west on Auburn Street, upon the condition "that the grantee, nor his heirs or assigns, will not at any time build or permit to be built

any building upon said lot, nearer to either of said streets than eight feet, or nearer to the two other boundary lines than two feet." On April 8, 1864, long before which time this land had been divided into three lots, each fronting on Auburn Street, Mary W. Niles, wife of Stephen R. Niles, had become, by mesne conveyances, the owner of one of these lots, and on that day the plaintiff executed and delivered a deed in which, after reciting the conveyance to Nudd of the said parcel of land, and the condition in the deed thereof contained, she, in consideration of one dollar paid by Mary W. Niles, and other good considerations, released " to her, the said Mary W., and all and sundry the persons who hold any right, title, interest or estate in and to the aforedescribed piece of land or any parcel thereof, their respective parcels of said land according to their respective rights, titles, interests or estates, free and discharged from said condition forever. To have and to hold their several parcels aforesaid to them the aforesaid releasees, their heirs, executors, administrators and assigns, respectively discharged as aforesaid forever. Provided, nevertheless, that no building shall ever be erected or suffered to stand upon the aforedescribed piece of land or any parcel thereof contrary to the provisions of said condition ; but a breach of this prohibition shall in no case work a forfeiture, but shall be conclusively deemed a nuisance, for which I, my heirs or devisees, shall be entitled to enter and abate without process of law, and shall likewise be entitled to damages against the party or parties offending, but against no others, and also to any and all other remedies at law or in equity." And this deed was recorded.

On June 18, 1872, Martin Whitney, who by mesne conveyances had become possessed of another of said three lots, conveyed it to the defendant.

At the time of the deed from the plaintiff to Mary W. Niles, the then owner of the defendant's lot did not know of said deed, and neither he nor any of those succeeding him in the ownership of the lot ever consented thereto.

The defendant built a house on his lot within eight feet of Auburn Street.

*B. F. Jacobs*, for the plaintiff.

*J. W. Hammond*, for the defendant.

GRAY, J. The clause in the deed from the plaintiff to Nudd, restricting building on the land thereby conveyed, is in the form of a condition; as a condition, it can only be taken advantage of by the grantor, and at common law; and this bill is not framed to enforce a forfeiture for breach of condition.

The plaintiff does not show that since that conveyance she is the owner of any land which may be affected by a disregard of the restriction. She is not therefore entitled to ask a court of equity to enforce the restriction for her own benefit.

Nor can the bill be maintained, even by treating it, as it was treated by both parties at the argument, as brought against the defendant for the benefit of other parties, who like himself derived their titles from Nudd.

There is nothing in the case to show that the restriction in the deed from the plaintiff to Nudd was part of a general plan for the benefit of the land thereby granted and other estates on the same street, or was inserted in the plaintiff's deed for the benefit of the grantee or his assigns, or was repeated in any grant or covenant executed by him or them or either of them. Under these circumstances, a purchaser from Nudd of part of the land so granted to him has no more right in equity than at law to enforce the restriction against the purchaser of another part of the same land. *Jewell* v. *Lee*, 14 Allen, 145. *Keates* v. *Lyon*, L. R. 4 Ch. 218. The judgment of the chancellor of New Jersey in *Winfield* v. *Henning*, 6 C. E. Green, 188, is inconsistent with the decisions in this Commonwealth and in England.

It is therefore unnecessary to consider the effect of the release made by the plaintiff to Mrs. Niles, for, independently of that release, the *Bill must be dismissed.*