EDWARD S. TOBEY & others *vs.* CHARLES MOORE.

Middlesex.    Jan. 15, 1880. — Feb. 24, 1881.    COLT, LORD & FIELD, JJ., · absent.

Land was conveyed subject to the "restrictions and ·conditions" that no building should ever be erected upon it to be used for certain trades, or within a certain distance of a street. The deed provided further that any breach of these provisions should not work a forfeiture of the estate, but give a right of entry to remove the building. *Held,* that they were not conditions, but restrictions, which, although unlimited in point of time, were valid, and could be enforced in equity.

Restrictions imposed upon a number of parcels of land included in one tract, in pursuance of a general scheme of improvement, may be enforced by a grantee of one parcel against his neighbor.

A restriction that no building shall be placed upon a parcel of land within a certain distance of a street refers to the street as existing at the time the restriction is imposed; and not to the street as subsequently altered by public authority.

The sale of groceries and provisions is not within a restriction forbidding the use of a building for the trade of a butcher, or for any "nauseous or offensive trade whatsoever," or for a purpose "which shall tend to disturb the quiet or comfort of the neighborhood."

BILL IN EQUITY, filed December 11, 1879, to restrain the defendant from putting up a building on his land, situated on the east corner of Main Street and Trowbridge Street in Cambridge. The case was heard, on the pleadings and proofs, by *Morton, J.,* who reported the following case for the consideration of the full court:

All the parties to the suit derive their title, by mesne conveyances from Charles C. Little and James Brown, to whom, in 1850, Richard H. Dana conveyed four lots of land, including the lands now owned by the plaintiffs and the defendant, bounded on Main Street about three hundred and fifty feet, and extending from Ellery Street on the east to Trowbridge Street on the west, which lots were one hundred and fifty feet in depth, and also fifteen other lots in the neighborhood, by a deed describing each lot by metes and bounds, and as numbered on a plan, and containing these clauses, following the habendum:

"Provided, nevertheless, and the grant hereby made is subject to the following restrictions and conditions, viz.: that the said grantees, their heirs or assigns, shall never erect any building or part thereof which shall be used for the trade or calling of a butcher, currier, tanner, varnish-maker, ink-maker, tallow-chandler, soap-boiler, brewer, distiller, sugar-baker, dyer, tinman, working brazier, founder, smith, or brickmaker, or for any nauseous or offensive trade whatsoever; nor occupy such lots for these or any other purposes which shall tend to disturb the quiet or comfort of the neighborhood; and that no building or part of any, and no fence over six feet high, shall be erected within eight feet of said streets; and that no steam-engine shall be used on the premises, and no livery stable be kept thereon. But the erection or use of any such building, or the occupation of the land hereby conveyed, contrary to these provisos or any of them, shall not subject the said grantees or their heirs or assigns to a forfeiture of their estate in said land; but such erection or occupation shall be conclusively deemed a nuisance, for which the grantor, his heirs, representatives or assigns, may have remedy by due process of law; or may, at their option, enter or send agents on said land, and remove and abate such nuisance at the expense of the grantees, their heirs or assigns, without being held responsible for any manner of trespass therefor."

All the deeds through which the parties respectively claim title from Little and Brown are expressed to be subject to these conditions and restrictions. And the deeds made by Dana to other persons of many other lots of land in the neighborhood, and shown upon the same plan, contain similar clauses.

The defendant is now erecting a building, intended for shops for the sale of groceries and provisions, within less than eight feet of the line of Trowbridge Street, and within less than eight feet of the line of Main Street as now located and used. In 1868, the city council of Cambridge, for the purpose of widening Main Street, took a strip from the southerly side of the defendant's land, twelve and $\frac{85}{100}$ feet wide at the corner of Trowbridge Street, and one and $\frac{5}{100}$ feet wide at the southeasterly corner of the lot.

There was also evidence reported tending to show that the restrictions were imposed in pursuance of a general scheme of improvement, which it is now unnecessary to state.

The judge reserved for the consideration of the full court the questions whether the bill could be maintained to restrain the defendant from putting up any building on his land nearer than eight feet from the line of Main Street as widened, and nearer than eight feet from the line of Trowbridge Street; and from putting up any building on the land to be used and occupied for the purposes named. If it could be maintained for all or any of these purposes, a decree was to be entered accordingly; otherwise, the bill to be dismissed.

*D. G. Haskins, Jr.*, for the plaintiff.

*G. W. Park*, for the defendant.

GRAY, C. J. The rule against perpetuities, which governs limitations over to third persons to take effect in the future, has never been held applicable to conditions, a right of entry for the breach of which is reserved to the grantor or devisor and his heirs, and may be released by him or them at any time. Sugd. Vend. (14th ed.) 596. *Gray* v. *Blanchard*, 8 Pick. 284. *Austin* v. *Cambridgeport Parish*, 21 Pick. 215. *Brattle Square Church* v. *Grant*, 3 Gray, 142, 148, 161. *French* v. *Old South Society*, 106 Mass. 479. *Cowell* v. *Springs Co.* 100 U. S. 55.

But this case does not require us to consider whether there are any conditions, strictly so called, to which the rule should be applied. The provision in the deed before us is not a common-law condition; for the deed expressly provides that any breach of it shall not work a forfeiture of the estate. It does not affect the title, but only the mode of use; and, though unlimited in point of time, it is a valid restriction, which equity

will enforce at the suit of any party entitled to the benefit of it. *Whitney* v. *Union Railway*, 11 Gray, 359. *Sanborn* v. *Rice*, 129 Mass. 387. Lewis on Perp. 599, 612.

Independently of the other facts in the case, the deed to Little and Brown, — under which both parties to this suit claim title, and of the contents of which they had notice, — by applying the restrictions to many distinct lots of land on different streets, supplies the evidence (which was wanting in *Dana* v. *Wentworth*, 111 Mass. 291) of a general scheme for the improvement and benefit of all the lands included in a large tract, which a grantee of any part of the land may enforce against his neighbor. *Parker* v. *Nightingale*, 6 Allen, 341. *Linzee* v. *Mixer*, 101 Mass. 512. *Sharp* v. *Ropes*, 110 Mass. 381. *Jeffries* v. *Jeffries*, 117 Mass. 184. *Renals* v. *Cowlishaw*, 9 Ch. D. 125, and 11 Ch. D. 866.

The restriction against building "within eight feet of said streets" named in the deed has reference to the line of each street as existing at the date of the deed, and is intended to establish a uniform rule as of that date, which cannot be affected by the subsequent widening or narrowing of either street by public authority, or by the fact whether a building is erected before or after such alteration of the line.

The sale of groceries and provisions is not one of the trades or callings enumerated in the deed, and cannot be considered as a "nauseous or offensive trade," or a purpose "which shall tend to disturb the quiet or comfort of the neighborhood," within the meaning of the restrictions. In *Dorr* v. *Harrahan*, 101 Mass. 531, cited for the plaintiff, the defendant attempted to set up a grocer's shop, when expressly restricted from erecting anything but a dwelling-house.        *Decree accordingly.*