## ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

### CELENDE T. DOW *vs.* HENRY M. WHITNEY.

Suffolk.   March 26, 1888. — May 4, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Equity — Specific Performance — Sale of Land — Title — Defect.*

A statement in a deed, after a specific description of the granted premises, that they were the same as were conveyed to the grantor by certain deeds which covered a larger tract, and reciting the conveyance to the grantee of "all the land conveyed to me by the deeds aforesaid except such portions thereof as I have heretofore sold," will not operate to alter the description or to limit the prior granting clause of the deed, but is a reference merely to the grantor's chain of title.

A deed of "all the interest" of a grantor in land conveys the same title as a deed of the land, and, if it contains a specific description thereof and the usual covenants of warranty, is good against any prior unrecorded deed of the grantor.

The possible existence of unrecorded deeds is not such a defect in a title as should lead a court of equity to deny specific performance of a contract for the sale of land, if there is no evidence of such deeds.

BILL IN EQUITY, filed August 7, 1887, for the specific performance by the defendant of an agreement to purchase land. The facts of the case are as follows.

On November 2, 1857, Stephen Dow became the owner of a tract of land in Brookline, including the premises in question, by deeds, which were duly recorded, from Samuel A. Robinson and others, and from Otis Withington, and subsequently

conveyed portions of it, other than such premises, to different persons by deeds also recorded.

On November 1, 1878, Stephen Dow, by a deed, which contained the usual covenants of warranty, conveyed to "Alfred A. Dow, his heirs and assigns, all my interest in all that lot of land, with the buildings thereon, situated on Corey Hill, in Brookline, in the county of Norfolk and Commonwealth aforesaid, bounded on the north by Summit Avenue; east by land now or late of William Woods; north again by said Woods; east again by land now or late of Thomas. Griggs; south by land of Henry M. Whitney, 'land of Mrs. John M. Clark, and Beacon Street; and west by land now or late of E. D. Jordan et al., formerly of James Bartlett; being the same premises conveyed to me by S. A. Robinson et al., also by Otis Withington, by deed dated November 2, 1857, and recorded with Norfolk· Deeds, book 261, page 279, . . . hereby conveying to said grantee all the land conveyed to me by the deeds aforesaid, except such portions thereof as I have heretofore sold."

On October 1, 1879, Alfred A. Dow, by a deed of like tenor as the above, conveyed "all my interest" in the same land to the plaintiff, who, on February 23, 1887, entered into an agreement in writing with the defendant for its sale and purchase, she to give a "good and clear title to the same free from all incumbrances."

The defendant contended that the deeds from Stephen Dow to Alfred A. Dow, and from the latter to the plaintiff, conveyed only such interest as each grantor actually had at the time of the delivery thereof, and was subject to possible unrecorded deeds theretofore made by each, but of which there was no evidence, and that the plaintiff could not make title in accordance with the agreement.

Hearing before *C. Allen*, J., who ordered a decree for the plaintiff; and the defendant appealed to the full court.

*H. W. Chaplin & J. R. Carret*, for the defendant.

1. The meaning of "right, title, and interest," and like expressions, as between grantor and grantee, is well settled in the cases as to the scope of covenants in a deed of "right, title, and interest." It is held in these cases that such an expression does not undertake to pass the land, but only what the grantor owns

in it. *Comstock* v. *Smith*, 13 Pick. 116. *Blanchard* v. *Brooks*, 12 Pick. 47, 66. *Allen* v. *Holton*, 20 Pick. 458. *Sweet* v. *Brown*, 12 Met. 175. *Wight* v. *Shaw*, 5 Cush. 56. And this notwithstanding that a deed is to be construed most strongly against the grantor, and that this construction gives the grantee a covenant only in case he does not need it. Nor does the policy of our registration acts enlarge such expressions, and import into them, as against prior unrecorded deeds, a meaning which in themselves they do not possess. Those acts are not designed to enlarge the bargain; they simply assure to the grantee what he has chosen to buy. Every case which has arisen in this Commonwealth upon a voluntary conveyance has been decided in accordance with this principle. *Adams* v. *Cuddy*, 13 Pick. 460. *Jamaica Pond Aqueduct* v. *Chandler*, 9 Allen, 159. *Fitzgerald* v. *Libby*, 142 Mass. 235. See also *Coe* v. *Persons unknown*, 43 Maine, 432; *Walker* v. *Lincoln*, 45 Maine, 67; *Brown* v. *Jackson*, 3 Wheat. 449; *Eaton* v. *Trowbridge*, 38 Mich. 454; *Mills* v. *Shepard*, 30 Conn. 98.

In some of the cases above cited, stress was indeed laid upon the lack of a specific description. But while generality adds emphasis to the limitation of definitions, it is not the source and foundation of that limitation; as is shown by the covenant cases above cited, in no one of which is the limited definition of " right, title, and interest " rested upon vagueness of description, and in no one of which does it appear that the description was general. In *Allen* v. *Holton*, *ubi supra*, the description, though not by boundaries, was specific; in *Blanchard* v. *Brooks*, *Wight* v. *Shaw*, and *Sweet* v. *Brown*, *ubi supra*, it was specific:

The expression in Stephen Dow's deed, " all my interest," is weaker than in most of the cases. The term " interest " alone would import to every one a limitation, its definition, according to Webster, being " share; portion; part; participation in value." In *Fitzgerald* v. *Libby*, *ubi supra*, the description, " my new city," was substantially specific, the locus being a mere tract of building land. Stephen Dow's deed is specific in dealing with an interest in a tract described by metes and bounds.

In *Woodward* v. *Sartwell*, 129 Mass. 210, a sheriff's deed of " the right, title, and interest " which a debtor " had at the time when the same was attached " on mesne process " in and to " certain described estate, was held to cut off a prior but unrecorded

deed of the debtor. The court do not say, in that case, that a
conveyance by the debtor of his "right, title, and interest" made
at the time of the attachment would have cut off his unrecorded
deed, but speak of "a conveyance made by the debtor," which
implies a conveyance of the land. The case of a voluntary con-
veyance of right, title, and interest by the record owner was not
before the court; and *Earle* v. *Fiske*, where the grantor made a
deed "of the premises," cited in the opinion, is not authority for
the position that a voluntary deed of a grantor's right, title, and
interest cuts off his prior unrecorded deed. *Woodward* v. *Sart-
well* may well be supported, on the ground that the use by the
officer of the words "right, title, and interest" should not be
permitted to give the creditor a less or different estate from the
priority which the statute gives him.

2. In the second description in the deed of Stephen Dow,
"being the same premises," etc., the grantor excepts what he has
heretofore sold. This description therefore contains as marked
a weakness as the first, and emphasizes the grantor's limitation
of intent. The authorities would seem to support the position
that this description, standing by itself, as a sole description,
would let in unrecorded deeds. *Chaffin* v. *Chaffin*, 4 Gray, 280.
*Cook* v. *Farrington*, 10 Gray, 70. If the phrase "all my inter-
est" be held to mean the land, and not merely the grantor's
"interest" therein, the second description would, in that case,
work to open the first description to let in unrecorded deeds.
*Chaffin* v. *Chaffin*, *ubi supra*. The land in question is a large
tract in a suburban town, and it might well happen that Ste-
phen Dow had sold and conveyed other portions of the larger
tract of which it originally formed a part. If, in conveying the
rest of his land, he so framed his deed as to protect all persons
holding under him, he did what honesty required. If his deed
be construed in accordance with the plaintiff's contention, the
grantor, in the words of Chief Justice Shaw in *Adams* v. *Cuddy*,
"might in effect commit a fraud without intending or even
being conscious of it." The deed from Alfred A. Dow to the
plaintiff is of "all my interest" in the same land, and is open
to the same objections.

3. The plaintiff has not a marketable title, and cannot con-
vey "a good and clear title." The defendant, if compelled to

take a conveyance, may afterward be exposed to litigation to defend his title, and should not be compelled in equity to take the premises. *Richmond* v. *Gray*, 3 Allen, 25. *Sturtevant* v. *Jaques*, 14 Allen, 523. *Jeffries* v. *Jeffries*, 117 Mass. 184. *Cunningham* v. *Blake*, 121 Mass. 333. *Butts* v. *Andrews*, 136 Mass. 221.

In *Chesman* v. *Cummings*, 142 Mass. 65, the opinion, at page 67, quotes from *Alexander* v. *Mills*, L. R. 6 Ch. App. 124, a new rule, "that, even as between vendor and purchaser in such case, . . . the court is bound to ascertain and determine, as it best may, what the law is." But in *Alexander* v. *Mills*, the court, after stating the rule quoted, recognize, at page 132, that there are exceptions to it, which " will probably be found to consist not in pure questions of legal principle, but in cases where the difficulty and the doubt arise in ascertaining the true construction and legal operation of some ill-expressed and inartificial instrument." And in *Osborne* v. *Rowlett*, 13 Ch. D. 774, Jessel, M. R., after stating his agreement with what was decided in *Alexander* v. *Mills*, says that, " in the interests of the purchaser, who has a right to be protected, the old rule was the best." The burden is upon the plaintiff to show a title which is "good beyond a reasonable doubt, and will not expose the defendant to litigation." *Sturtevant* v. *Jaques, ubi supra.* It is no excuse that this requires her to prove a negative. *Lowes* v. *Lush*, 14 Ves. 547. *Franklin* v. *Brownlow*, 14 Ves. 550. *Hartley* v. *Smith*, Buck's B. Cas. 368.

This is a case where there is no possibility of releases ever being got to perfect the title. There is no one to give a release to cover Stephen Dow's deed, unless it be his heirs; and their release would be of no avail, since their aim in giving it would be deemed to be that of cutting off any unrecorded deeds, which would be fraud. The registration laws do not cut off unrecorded deeds for the purpose of cutting them off. The apparent owner of land has two distinct powers: first, the power to sell what he owns, and to assure it to his vendee; secondly, the power, lodged in him by the recording acts from public policy, to sell what somebody else owns. The latter power he must exercise by concealment; when he avows it, it vanishes; and the same is true with regard to his heirs.

*A. Hemenway & M. T. Allen*, for the plaintiff.

MORTON, C. J. It is clear that the clause following the specific description in Stephen Dow's deed, beginning, " being the same premises," etc., was not intended to limit the prior granting clause of the deed, or to alter the description, but was inserted for the purpose of showing the grantor's chain of title. *Lovejoy* v. *Lovett*, 124 Mass. 270.

The principal question in this case is whether the deed of Stephen Dow conveyed to the grantee a title which is superior to that of any grantee by a prior unrecorded deed of the grantor. This question was fully considered and discussed in *Woodward* v. *Sartwell*, 129 Mass. 210. In that case, it was held that a deed by an officer, upon a sale on execution of " all the right, title, and interest " of the judgment debtor in land specifically described in the deed, took precedence of a prior unrecorded deed of the judgment debtor, and conveyed to the purchaser a good title. The court put the decision upon the ground, that an attaching creditor has the same standing as a *bona fide* purchaser, and that the deed of the officer " is equivalent to a conveyance made by the debtor at the time the attachment was made ; and in the case at bar, as the record title then stood in the name of the debtor, as to *bona fide* purchasers, he was the owner of the land."

We are satisfied that these views are correct. We can see no sound distinction between a deed made by an officer upon a sale on execution, and a deed made by the debtor himself. In either case, the deed conveys all the title which the debtor had, and no more ; but a prior unrecorded deed has no effect except as between the parties to it, and others having notice of it, and as to creditors and purchasers leaves the title in the grantor. *Earle* v. *Fiske*, 103 Mass. 491.

A deed of " all the right, title, and interest," or of " all the interest," of the grantor in a lot of land, conveys the same title as a deed of the land. It is the policy of our laws that a purchaser of land, by examining the registry of deeds, may ascertain the title of his grantor. If there is no recorded deed, he has the right to assume that the record title is the true title. The law has established the rule, for the protection of creditors and purchasers, that an unrecorded deed, if unknown to them, is as to them a mere nullity. The reasons for the rule apply with equal

force in the case of a deed of the grantee's right, title, and interest, as in that of a deed of the land. We are of opinion, therefore, that the deed of Stephen Dow conveyed to his grantee a title which is good against any prior deed, if unrecorded. To hold otherwise would defeat the purpose of the registration laws, and create confusion in the titles to land.

It is to be noticed that the deed in this case contains a specific description of the land intended to be conveyed, and contains the usual covenants of warranty. The case is thus distinguished from a class of cases relied upon by the defendant, in which it has been held that, where a deed contains no particular description, but only a general description, like "all my land," or "all the land I have in Boston," or other similar general description, it does not take precedence of prior unrecorded deeds of the grantor. See *Adams* v. *Cuddy*, 13 Pick. 460; *Jamaica Pond Aqueduct* v. *Chandler*, 9 Allen, 159; *Fitzgerald* v. *Libby*, 142 Mass. 235. In each of these cases the question was not as to the effect of a prior unrecorded deed of the same land, but it was whether the land previously sold was included within the description of the later deed. In other words it was a question of the construction of the deed relied upon. No such question can arise in the case at bar, as the description of the land intended to be conveyed is specific and exact. The same considerations apply to the deed from Alfred A. Dow to the plaintiff.

The defendant contends that specific performance of his contract ought not to be decreed, because, if compelled to take a conveyance, he may afterwards be exposed to litigation to defend his title. It is not known that there is any unrecorded deed made by Stephen Dow or Alfred A. Dow. The only alleged defect is, that there is a possibility that there is such a deed, and that the grantee in it may hereafter appear and contest the defendant's title.

The defendant ought not to be required to accept a title that is doubtful. But in this case there is no reasonable doubt that the plaintiff's deed conveys a good title. Its validity depends upon a pure question of law, and no question of fact is involved. The mere possibility that a claimant may hereafter appear and ask the court to overturn a well settled rule of law is not such a defect or doubt in the title as ought to lead the court in its dis-

cretion to deny to the plaintiff the right in equity to a specific performance of the contract. *Hayes* v. *Harmony Grove Cemetery*, 108 Mass. 400. *Chesman* v. *Cummings*, 142 Mass. 65.

As the parties agree to the form of the decree entered by the justice who heard the case, it should therefore be affirmed.

*Decree affirmed.*