Shauck, C. J.
We do not understand counsel for the plaintiff in error to deny that the covenant with respect to the location of buildings upon the lots abutting upon the street is obligatory upon both parties. Indeed he insists that it is obligatory upon his adversary. His contention is that it binds equally all owners of lots Avithin the original grant in which the covenant Avas inserted, and that the equitable relief awarded in the circuit court is not available because of the habitual disregard of the covenant by the defendant in error and others owning lots which are subject to it. The finding of the circuit court being general Ave must take the facts to be as favorable to the prevailing party as any view of the evidence would warrant. Most of the violations of the covenant are upon portions of the street remote from the premises of Caskey, and some of them are upon the opposite side of the street. There appears to be neither reason nor authority for the conclusion that the plaintiff’s submission to such encroachments upon the space devoted to light, air and view as did not substantially affect his enjoyment of his OAvn property, should operate as a waiver of his right to object to other encroachments by which such enjoyment would be materially impaired.
The more definite proposition of the plaintiff in error is that his adversary should not have prevailed because of his own violation of the covenant. The facts in that regard are that Caskey and others, having built their residences upon the prescribed line fifty feet from the street line, subsequently and by common consent built in front of their residences and Avithin the space resented for light, air and view narrow porches, that of Caskey being between five and six feet in width. These porches are not otherwise described, nor is it shown that they offer any *427 obstruction to the easements of neighboring proprietors for light, air and view. The purpose for which the covenant was made is not left to conjecture. It is defined by its terms to‘be “increasing the beauty of said avenue and enhancing the value of lots along the same for the purpose of private residence.” It is not shown by any evidence, nor can it be inferred from anything which appears in the case, that the porch is to any extent whatever subversive of that purpose. As Caskey had not in any substantial way violated the covenant by which both of the parties were affected, he was entitled to the aid of equity to prevent its substantial violation by the plaintiff in error. This conclusion is in accordance with the decided cases which relate to the subject. Western v. MacDermott, 2 L. R. Ch. App. Cases, 72; Peck v. Conway, 119 Mass., 546; Tobey v. Moore, 130 Mass., 448; Lattimer v. Livermore, 72 N. Y., 174.

Judgment affirmed.