ARTHUR C. C. HILL *vs.* JACOB LEVINE.

Suffolk. March 13, 1925. — May 22, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction*, Specific performance. *Deed*, Construction, Equitable restriction.

The owner of a large tract of land in a suburban district of a city, having divided it into lots as shown on a plan which he recorded in 1898, conveyed two parcels, one comprising three juxtaposed lots, and the other two, by a deed which, after the description, stated: "The premises are conveyed subject to the following restrictions which are to remain in force for a period of twenty years from August 20th, 1896." Following this were stipulations as to the character, cost, location and use of buildings to be erected on the lots, and then, in two separate paragraphs, the following: "The rest of the land shown on said plan is to be conveyed subject to the same restrictions," and, "The grantee may re-divide said land into lots but no lot shall have a frontage of less than fifty feet." No subsequent conveyance contained any provision that the lots should not have a frontage of less than fifty feet, and a subsequent decree of the Land Court registering the owner's title to the remaining lots on the plan made no reference to that provision, although the building restrictions were established by subsequent deeds and by the decree of the Land Court. The grantee of the lots, by a contract in writing, agreed to convey the land by a deed conveying a good title free from all encumbrances, and, the purchaser refusing to accept title because of the provision as to the fifty foot frontage, sought in equity a decree for specific performance. A judge of the Superior Court ruled that the question "whether the fifty foot restriction in the deed . . . expires in twenty or thirty years is open to such reasonable doubt that in my opinion the defendant should not be ordered to specifically perform," and a final decree was entered dismissing the bill. The plaintiff appealed. *Held*, that

(1) There was nothing in the terms of the deed or in the surrounding circumstances to suggest that the provision giving the grantee the right to redivide the land into lots, none of which should have a frontage of less than fifty feet, was a part of a scheme or plan for the benefit of other lots;

(2) The provision as to frontage was in terms a personal agreement between the grantor and the grantee, and the fact that it was not in the group of restrictions to be included in other deeds tends to show that it was not intended for the benefit of other lot owners;

(3) The provision in the deed as to frontage of the plaintiff's lots did not create an equitable easement appurtenant to the remaining lots;

(4) The mere possibility that a claimant might thereafter appear and ask the court to overturn a well settled rule of law was not such a defect or doubt as ought to lead a court in its discretion to deny the plaintiff the right in equity to specific performance;

(5) While a decree in the suit in question would be *res judicata* only as to the parties before it, the court should not refrain from ordering specific performance, the determinative question being one of construction of a written instrument and there being no reasonable doubt as to what was the proper construction.

BILL IN EQUITY, filed in the Superior Court on December 28, 1923, seeking specific performance of an agreement in writing for the purchase by the defendant of real estate of the plaintiff.

In the Superior Court, the suit was heard by *Morton*, J. Material facts found by the judge are described in the opinion. He ruled as follows: "The question whether the fifty foot restriction in the deed from the Holbrook Trustees to the plaintiff expires in twenty or thirty years is open to such reasonable doubt that in my opinion the defendant should not be ordered to specifically perform. The bill should be dismissed." A final decree accordingly was entered dismissing the bill. The plaintiff appealed.

*P. G. Bolster*, for the plaintiff.

*H. Bergson*, for the defendant.

SANDERSON, J. The plaintiff brings this bill in equity for specific performance of an agreement in writing to sell to the defendant two parcels of land, situated in Boston, consisting of five and two lots respectively. By the terms of the agreement the plaintiff was bound to deliver to the defendant a deed conveying a good and clear title free from all encumbrances. The plaintiff acquired title in 1898 by deed of three grantors, acting as trustees, in which the lots in question were described by metes and bounds and by reference to a plan. At the end of the description appears the provision that "The premises are conveyed subject to

the following restrictions which are to remain in force for a
period of twenty years from August 20th, 1896." This is
followed by stipulations as to the kind of buildings to be
erected on the lots, their cost, location, and certain pro-
hibited uses. Then follow, in separate paragraphs, the pro-
visions: "The rest of the land shown on said plan is to
be conveyed subject to the same restrictions"; and "The
grantee may re-divide said land into lots but no lot shall have
a frontage of less than fifty feet."

The question to be decided is whether the words last
quoted raise such doubt about the plaintiff's title that the
defendant should not be required to perform specifically
his agreement to buy.

It is the contention of the plaintiff that the restriction re-
lating to the fifty foot frontage expired by the terms of the
deed on August 20, 1916; while the defendant contends that
this restriction is not so limited and will not expire until
March 19, 1928 (G. L. c. 184, § 23), or at least that there is
so much doubt about the title that a decree for specific per-
formance should not be entered.

It appeared that at the date of the deed the plaintiff's
grantors, as trustees, owned a large tract of land in the Dor-
chester district of Boston, which they had caused to be
divided into lots, as shown on a recorded plan. Most of
these lots had a frontage of more than fifty feet. The con-
veyance to the plaintiff was one of the first which they made
and the first which contained two or more adjoining parcels
on the same street. None of the subsequent conveyances,
one of which was a mortgage of several lots, contained any
provision that the lots should have a frontage of not less than
fifty feet. In 1904 by a decree of the Land Court, the title
to the remaining lots owned by the trustees was registered.
This decree contained no reference to any requirement that
they have a frontage of fifty feet. Both the mortgage and
decree contained building restrictions substantially like
those in the deed to the plaintiff. The trust has now been
dissolved by decree of the Supreme Judicial Court. There is
nothing in the terms of the deed or in the surrounding cir-
cumstances to suggest that the provision giving the grantee

the right to redivide the land into lots with a frontage of not less than fifty feet was a part of a scheme or plan for the benefit of other lots. *Dana* v. *Wentworth*, 111 Mass. 291. *Tobey* v. *Moore*, 130 Mass. 448, 451.

So far as the terms of the deed are concerned, the contention that the limitation of time was not intended to apply to the frontage restriction is based on the fact that it is in a separate paragraph following the agreement to include the earlier group of restrictions in future conveyances. This separation clearly indicates that the provision as to width of the lots was not to be mentioned in future conveyances. The statement in regard to future conveyances was in the nature of a parenthetical clause inserted to make the distinction clear between what was and what was not to be included in future deeds, and it was not intended to exclude the frontage restriction from the limitation period. The words "following restrictions" mean all that follow, including that relating to frontage. The arrangement of the paragraphs does not becloud the title or throw doubt on the manifest meaning of the deed. *Welsh, petitioner*, 175 Mass. 68. *Best* v. *Nagle*, 182 Mass. 495.

It is contended that the defendant might be exposed to litigation to defend his title if he owned the property and that a decision in this case would not be conclusive if other lot owners should raise the question whether the frontage restriction is still in force. The provision as to frontage is in terms a personal agreement between the grantors and the grantee, and the fact that it was not in the group of restrictions to be included in other deeds tends to show that it was not intended for the benefit of other lot owners. This conclusion is confirmed by the fact that it was not mentioned in any subsequent deed. *Badger* v. *Boardman*, 16 Gray, 559. *Tobey* v. *Moore, supra.* It is not stated in any form of words that this restriction as to frontage was imposed for the benefit of adjacent land. *Lowell Institution for Savings* v. *Lowell*, 153 Mass. 530. Unless it appears that a right or privilege is reserved for the benefit of the remaining lots of a grantor, in the deed itself or from a plan or from the situation of the property with reference to other land of the

grantor, the grantees of other lots cannot enforce them. *Badger* v. *Boardman, supra. Jewell* v. *Lee,* 14 Allen, 145. *Skinner* v. *Shepard,* 130 Mass. 180. *Beals* v. *Case,* 138 Mass. 138. *Bessey* v. *Ollman,* 242 Mass. 89. *Allen* v. *Massachusetts Bonding & Ins. Co.* 248 Mass. 378, 383. The conclusion follows, from a consideration of all the facts, that the provision in the deed as to frontage of the plaintiff's lots did not create an equitable easement appurtenant to his remaining lots.

In cases in which a defendant has been held not bound to accept title, facts have appeared showing that the property was or might be subject to adverse claims such as might reasonably be expected to expose the purchaser to controversy in order to maintain his title. *First African Methodist Episcopal Society* v. *Brown,* 147 Mass. 296. In the case under consideration there is no reasonable ground for litigation by owners of other lots and such arguments as they might make have been addressed to the court by the defendant. The case is one of the legal construction of a deed, with no controverted question of fact to be determined. *Chesman* v. *Cummings,* 142 Mass. 65. The mere possibility that a claimant may hereafter appear and ask the court to overturn a well settled rule of law is not such a defect or doubt as ought to lead a court in its discretion to deny the plaintiff the right in equity to specific performance. *Dow* v. *Whitney,* 147 Mass. 1. A decision of this court is *res judicata* only as to the parties before it; as to others it is authority. *Hunting* v. *Damon,* 160 Mass. 441. But this does not prevent the court from ordering specific performance where the question is one of construing a written instrument and there can be no reasonable doubt about its construction. *Hayes* v. *Harmony Grove Cemetery,* 108 Mass. 400. *Dow* v. *Whitney, supra. First African Methodist Episcopal Society* v. *Brown, supra. Cushing* v. *Spaulding,* 164 Mass. 287.

The decree is to be reversed, and a decree for specific performance entered with the right on the part of the plaintiff to apply to the Superior Court for the assessment of damages in accordance with the prayer in his bill.

*So ordered.*