VIRGINIA K. DOYLE *vs.* WILLIAM E. CARTER & another. April 25, 1977. 1. The plaintiff, not having raised at trial the issue whether the deed under which the defendants claim title was ever delivered to the grantee named therein, is not entitled to raise that issue for the first time on appeal. *Milton* v. *Civil Serv. Commn.* 365 Mass. 368, 379 (1974). *John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 724 (1976). In addition, it has been long settled, in the absence of any evidence to the contrary, that a deed is presumed to have been delivered on the date which the deed bears. *Ashkenazy* v. *R.M. Bradley & Co. Inc.* 328 Mass. 242, 247 (1952), and cases cited. The deed in question was dated December 21, 1929, and there is no evidence to suggest that it was not delivered to the defendants' predecessor in title on that date. 2. The generality of the language in the mortgage under which the plaintiff and those in her chain claimed title (conveyance of "[a]ll the real estate . . . of which the said [mortgagor] is now seized or possessed. Intending to convey all unsold lots . . .") should have made them aware of the possibility of the existence of a prior unrecorded instrument that conveyed title to the premises without contradicting the terms of the later conveyance. *Adams* v. *Cuddy,* 13 Pick. 460, 463 (1833). *Jamaica Pond Aqueduct Corp.* v. *Chandler,* 9 Allen 159, 169 (1864). *Fitzgerald* v. *Libby,* 142 Mass. 235, 239 (1886). See *Hampshire Natl. Bank* v. *Calkins,* 3 Mass. App. Ct. 697, 698-699 (1975). Compare *Dow* v. *Whitney,* 147 Mass. 1, 6-7 (1888). General Laws c. 184, § 25, inserted by St. 1959, c. 294, § 1, has no application in the circumstances. The plaintiff's interest is therefore subordinate to that of the defendants.

*Judgment affirmed.*

*Philip Beauregard* for the plaintiff.

*Andrew J. Dooley* for the defendants.