Murphy, Ernest B., J.
This matter arises from a dispute over ownership of certain real property located in Worcester, Massachusetts (“Property”). At issue is the validity of a 1997 deed purporting to convey title to the Property to Plaintiff Harold Lehr (“Harold”) and his sister, Susan Peruzzi (“Susan”), subject to a life estate reserved for the grantor, their mother, Sylvia Lehr Topol (“Sylvia”). Following Sylvia’s death in 2004, Harold brought an action seeking nullification of the deed, claiming that the deed was never delivered because neither he nor Susan ever assented to the conveyance. Defendant Scott Peruzzi (“Scott”) is the widower of Susan, who died intestate in 2001. Scott moves for summary judgment, arguing that Susan accepted the 1997 deed and that he is thereby entitled to the intestate share of his deceased wife’s interest in the Property. After a hearing, and for the following reasons, Scott’s Motion for Summary Judgment is DENIED and judgment is to enter in favor of Harold.[3]

BACKGROUND

The Property, generally described as 42 Barry Road in Worcester, consists of land and a dwelling. During the relevant time period, Sylvia occupied the Properly as her primary residence until her death in 2004.
On February 3, 1997, Sylvia executed a deed conveying absolute title to the Property to her two children, Harold and Susan, as tenants in common,[4] and reserving a life estate for herself. The deed was signed by Sylvia, and recorded on February 5, 1997. Neither of the grantees ever acknowledged or otherwise assented to this conveyance in writing. Susan died in *465 testate in 2001. She was survived by her husband, Scott, to whom she had been married since 1985.
On September 23, 2004, Sylvia executed a second deed conveying absolute title to the Property to Harold subject to a life estate reserved for herself. Sylvia passed away on September 24, 2004, and on that same day the deed was recorded.
Following Sylvia’s death, Harold attempted to sell the Property, at which point he claims he first learned of the 1997 deed. On March 4, 2005, Harold filed a complaint seeking nullification of the 1997 deed, and a declaration of his ownership of the Property based on the 2004 deed. Harold submitted that on no occasion did Susan or Sylvia ever have any discussions with him or send him any documentation concerning the 1997 deed.
Scott argues in his motion for summary judgment that he has adduced evidence sufficient to show that Susan acknowledged her acceptance of the 1997 deed. In his affidavit, Scott stated that “sometime in 1997 Susan received some papers in the mail from her mother,” that the papers described the Property, and that “Susan was required to sign the papers and then return them to her mother.” During his deposition, Scott stated that while he never discussed the papers with Susan, they appeared to be a deed to the Property containing Sylvia’s signature and signature spaces for Harold and Susan. He stated further that Susan, Sylvia, and Harold were “mailing it [the deed] around to get it signed.” However, Scott also stated during his deposition that he did not learn that his wife’s name was on a deed to the Property until after Harold called him in 2004.

DISCUSSION

This Court shall grant summary judgment where the record, including pleadings, depositions, answers to interrogatories, admissions on file and affidavits, shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Pedersonv. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Tech. Commc’ns Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991)
A deed is not effective to pass title unless and until it is delivered. Lexington v. Ryder, 296 Mass. 566, 568 (1937). Delivery, in this sense, does not require the grantee to be in physical possession of a recorded deed. Bianco v. Lay, 313 Mass. 444, 447-48 (1943). Rather, “delivery occurs where the grantor intends the deed to effect a present transfer of the property conveyed, and the grantee assents to the conveyance.” Graves v. Hutchinson, 39 Mass.App.Ct. 634, 640 (1996).
Harold claims that the 1997 deed is invalid and never vested title in the grantees because neither he nor Susan ever assented to the conveyance. Indeed, the record is devoid of any documentary evidence that Susan or Harold ever knew about or accepted the 1997 deed.[5] In his motion for summary judgment, Scott maintains that the 1997 deed was delivered and is therefore valid because the evidence he adduces establishes that Susan acknowledged her acceptance of the conveyance.
“The recording of a deed without the knowledge or consent of the grantee is not effective to pass title; a deed becomes effective only upon its acceptance by the grantee.” Juchno v. Toton, 338 Mass. 309, 311 (1959). Where, as here, there is no evidence of the grantee’s actual acceptance of a conveyance, acceptance maybe implied from the grantee’s conduct, but only if the grantee acted with prior knowledge of the conveyance. Id. Scott alleges that Susan was in possession of a deed to the Property in 1997, which, as he recalls, she had to sign and then return to Sylvia or Harold. Without more, this evidence fails to demonstrate that Susan ever, in fact, signed any documents concerning the 1997 deed. At best, Scott’s statements call into question whether Susan had knowledge of the deed. However, a grantee’s knowledge of a conveyance is only material to the extent that it permits the conclusion that subsequent conduct is a likely consequence of the grantee’s acceptance of the conveyance.
There is no evidence that Scott and Susan ever discussed the documents Scott claims to have noticed, nor is there any contention that Susan ever discussed the 1997 deed with Sylvia, or with Harold. Cf. Marsh v. Austin, 83 Mass. 235, 238 (1861) (recounting deceased grantee’s oral declarations as evidence of assent). In other words, Susan’s knowledge of the 1997 deed is not sufficient, in and of itself, to permit the implication that she ever accepted the conveyance. Consequently, Scott’s evidence is thin gruel; there is no conflicting evidence as to whether Susan or Harold ever accepted the 1997 deed. The undisputed material facts indicate that the 1997 deed was never accepted by either Harold or Susan.[6] Therefore, as a matter of law, the 1997 deed did not pass title to the Property out of the grantor.

ORDER

For the foregoing reasons, it is hereby ORDERED that Defendant Scott Peruzzi’s Motion for Summary Judgment is DENIED, and that judgment shall ENTER for Plaintiff Harold Lehr.

Defendant’s Motion to Strike Portions of Plaintiff s Second Opposition to Summary Judgment is DENIED, insofar as the subject portions are immaterial to this summary judgment motion.

Because the deed does not contain an expression of intent as to the type of tenancy created by the conveyance, a tenancy in common is legally presumed. G.L.c. 184, §7.

In light of this contrary evidence, the 1997 deed cannot be presumed to have been delivered on the date which the deed bears. Doyle v. Carter, 5 Mass.App.Ct. 814, 814 (1952).

Delivery does not occur where the grantor reserves a life estate for herself and is the only grantee presumed to have accepted the conveyance. See Graves, 39 Mass.App.Ct. at 637-38 (issue as to delivery of deed despite fact that grantor reserved a life estate for herself).